State of Louisiana, ex rel. Mrs. Gausson, Executrix, and D. D. Withers v. The Judge of the Second District Court of New Orleans.

No. 1816.—STATE OF LOUISIANA, ex rel., MRS. GAUSSON, Executrix, and D. D. WITHERS v. THE JUDGE OF THE SECOND DISTRICT COURT OF NEW ORLEANS.

An executor or administrator is an officer of the court, and the funds coming into his hands as such are amply secured by the bonds he is required to give before entering upon the duties of his office.

A bond in amount sufficient to cover costs will entitle any party to a suspensive appeal therefrom.

The rule laid down in article 575 of the Code of Practice, which requires that the appeal bond to be given for a suspensive appeal shall exceed by one-half the amount of the judgment appealed from, does not apply to a case where an appeal has been taken from a judgment homologating a tableaux filed by the executor; this class of cases is governed by the doctrine taught in Blanchin v. Steamer Fashion, 10 An. 345, State ex rel. Hickey v. Judge of the Fourth District Court of New Orleans, 20 An. 108, which may be rendered as follows: Where there is no standard specially fixed by law as to the amount of the appeal bond required to operate a *supersedeas* pending the appeal, the Judge *a quo* should allow a suspensive appeal on appellant's giving bond in an amount sufficient to cover costs.

After an appeal bond has been filed, the Judge *a quo* is competent only to determine whether the appeal is suspensive or devolutive, and to ascertain whether the sureties on the bond are such as the law requires.

The Supreme Court will, on application for a prohibition, inquire into the sufficiency of the appeal bond to entitle the appellant to a suspensive appeal.

APPEAL from the Second District Court, *Thomas, J. Bradford, Lea & Finney,* and *Roselius & Philips* for relators.

REPORTER.—This case was decided in the month of June, 1868, by the Supreme Court organized under the Constitution of 1864. Application for rehearing being made and not disposed of by that tribunal, was transferred to the present court, and on re-examination refused.

ILSLEY, J. This is an application for a writ of prohibition to the Judge of the Second District Court of New Orleans, and others.

The facts necessary to a proper understanding of the case are the following The plaintiff in the suit in the said court, pending on the first of May, 1868, entitled Marie F. L. Ledoux, wife of John K. Elgee, deceased, *v.* Bessie Elgee Scott, heir and testamentory executor of J. K. Elgee, No. 2990, obtained a final judgment against the succession of John K. Elgee for—

*First*—The sum of one hundred and twenty-two thousand nine hundred and one dollars and ninety-six cents ($122,901 96), with five per cent. interest on $95,969 66 thereof from various persons.

*Second*—For the delivery as her property of 579 3-5 shares of gas light stock with $17,938 80 dividends accrued thereon, and now in the Gas Company's office, requiring the defendant to transfer the same stock and money, the said $17,938 80 forming a part of the above $122,901 26, and the balance, say $104,963 16, in due course of administration.

From this judgment the defendant in the above suit, and also an intervenor, who claimed to be a creditor of the succession of J. K. Elgee for a large amount, obtained, in the legal delay from the court below, suspensive appeals to this court, on their giving each a distinct bond for five hundred dollars, the amount fixed by the judge. Afterward, on

the application of the plaintiff, the inferior court set aside the suspensive appeals and declared executory the judgment rendered by it on the first of May, 1868.

The defendant and intervenor ask this court to issue a prohibition to the judge of the inferior court and to the plaintiff, inhibiting all proceedings whatever in execution of the said judgment during the pending of the suspensive appeal taken therefrom.

It is not denied that within the legal delay of ten days next succeeding the date of the order granting the suspensive appeal, appeal bonds, conditioned as the law requires, for the amount specified thereon, with good legal sureties, were duly filed by the appellants in court,

From this statement two questions arise—

*First*—Was the amount of each of the said bonds, as fixed by the lower court sufficient to operate a *supersedeas*?

*Second*—Had not the jurisdiction of the appellate court attached as soon as the appeal bonds were filed and the citation issued, which is unnecessary on appeals allowed in open court?

I.   It was the opinion of the judge of the court below, and it is strenuously contended in this court, that article 575 of the Code of Practice must be applied as cogently to judgments rendered against executors and administrators, approving judicially claims against succession, as to any other class or kind of judgments.

This court thinks otherwise.

That article, properly read, refers evidently to ordinary judgments between individuals; whenever the amounts are so specified that if execution is not stayed, writs of *fieri facias* may issue at once to recover such specific sums as are thereby adjudged.   It has no application to such judgments which are necessarily held in abeyance and which can not be made executory until it be ascertained contradictorily with other parties in interest, on a tableau of distribution, whether the whole or any portion of such claims, although judicially recognized, can be made available.

A judgment recognizing a claim against a succession has generally no greater force in law than an acknowledgment of the claims by an executor or administrator.   See articles 985 and 986 of the Code of Practice.

In either case the creditor can only obtain the payment of it concurrently with the other creditors.   C. P. Arts. 986, 1054.

Whether a claim against a succession is recognized judicially in a direct action, or by opposition to a tableau of distribution, 10 An. 224, in either event, whatever may be the amount of a creditor's judgment, he can only recover on it such amount as may be awarded to him in such tableau when duly homologated.

An executor or administrator is an officer of the court, and any funds or property in his hands belonging to the estate he administers, are amply secured, as the law does and the creditors may require bonds to

secure them and to ensure the faithful administration, and the creditor incurs no risk by the delay which an appeal, that every executor or administrator has the legal right to take (art. 572 C. P.), may occasion.

Be this as it may, it suffices that article 575 of the Code of Practice has not in letter or spirit any applicability to such a case as this, which is governed by the doctrine taught in Blanchin v. The Steamer Fashion, 10 An. 345.  State ex rel. Hickey v. The Judge of the Fourth District Court of New Orleans, 20 An. 108, and other kindred cases, a doctrine which the intervenor, who is not condemned to pay anything, may invoke in exercising his right of appeal.  C. P. 571.

And the doctrine is one sanctioned by reason and common sense, when applied to executors and administrators, otherwise their right to appeal would in most cases, for any practicable purpose, be wholly nugatory; as it would require them to furnish security for the payment of debt, only recognized judicially for a solitary purpose, and which might turn out eventually to be utterly valueless by reason of the insolvency of the succession against which they have claims.

As to the stock and dividends held by the Gas Company, and which the judgment of the lower court orders the executor and defendant to transfer to the plaintiff, that is certainly not covered by article 575 C. P., which refers to the specific sum which a party is condemned to pay, nor does it fall under article 576 C. P., which refers to tangible movable property of a *perishable nature*, and not to mere incorporeal rights.  No transfer of that stock and dividends could be made to the prejudice of the plaintiff, and a bond for costs for that would certainly suffice to prevent its becoming executory.  The decree itself, if not reversed, would, if the execution did not, according to the terms, transfer the stock and dividends, confer a title upon the defendant therefor.

II.  It has been repeatedly held by this court that the moment a sufficient appeal bond is signed and citation issues, the jurisdiction of the Supreme Court attaches.  See numerous cases collected in 1 Hen. page 74, section 3; and in the case of the State ex rel. v. The Judge of the Fifth District Court, it was held after the order was made and signed, granting a suspensive appeal, and approving the bond furnished by the appellant.  We think the jurisdiction of the District Court was incompetent to disturb the order.  If a bond is insufficient in amount to authorize a suspensive appeal, but is good for a devolutive appeal, the appeal will not be dismissed, but execution may issue (5 An. 366, 12 An. 175), but may be enjoined.

It was within the province of the lower court to say if the appeal was suspensive or devolutive, and to inquire into the question whether the appellants presented such sureties as the law required.  It declared the appeal suspensive; and the security furnished for the amount is not questioned.  We have examined the numerous authorities cited by the plaintiff, but they do not militate against the doctrine now announced.

We think the bonds sufficient to render the appeal suspensive, and that the relators are entitled to a writ of prohibition as prayed for.

It is therefore ordered, adjudged and decreed that a mandate or writ of prohibition, issue to the Judge of the Second District Court of New Orleans, and to the plaintiffs in the within described suit, No. 29,990 as prayed for in the relator's petition.

*Mr. Justice Taliaferro dissenting:*

The judgment appealed from requires the executrix to do a certain act and to pay a specific sum of money. The required act and the payment of the specified sum of money it is impliedly in the power of the executrix to perform.

The appellants hold that the decree of May 1, 1868, against the executrix of J. K. Elgee, was merely a judgment liquidating a claim against a succession; and in that form to be afterward placed on a tableau as an acknowledged debt to be paid in due course of administration according to its rank, if unaltered on appeal. That the order was therefore properly rendered for a suspensive appeal on a bond to cover costs. That the order being complied with and the required bond filed, the case was then beyond the reach of the District Court, which could not legally rescind the order and declare the judgment executory.

It is contended on the part of the appellees that the proceedings in relation to the appeal were *ex parte* and unwarranted by law; and the same view of the subject seems to have been taken by the judge also when he reversed the order on trial of the rule. The appellees insist that the character of the appeal is fixed as devolutive, inasmuch as the bond was not given for an amount to render it suspensive; and that no law authorizes any other bond now to be given, and that the appellants cannot, upon principles of equity, claim the right to furnish a bond to make the appeal suspensive.

These issues being presented, I have to inquire whether the judgment appealed from belongs to that class of judgments from which suspensive appeals are often taken upon bonds to cover costs only; and whether the judge *a quo* had legally the right after the appellants had complied with his order, by furnishing the required bonds, to rescind the order and render the appeal devolutive, leaving the appellants free to proceed to the execution of the judgment.

A reference to adjudged cases seems to indicate that generally where suspensive appeals have been taken on bonds to cover costs only, the property to be delivered, or the fund to be divided, was not in the hands of the appellant, or where the appellant was not ordered to pay anything. In the case of Millaudon *v.* Percy, 7 N. S. p. 353, the appeal was from a judgment of partition where the property was in the actual possession of the appellee. In the case of Heath & Co. *v.* Vaught, *et al.*, 16 La. 515 the fund to be divided was in court. In the case of Blanchin *v.*

The Steamer Fashion, 10 An. 345, the money to be distributed was not in the hands of the appellant. In that case the court said—" The expressions of this article (575 C. P.) imply that the judgment to necessitate a bond in one-half exceeding its amount must be one in which the appellant has been compelled to *pay*, and do not seem applicable where the party appellant is condemned to pay nothing." In the matter of the succession of G. W. Parker, 18 An. 645, it was laid down that the judgment appealed from not being, in the language of article 575 of the Code of Practice, for a specific sum of money, a bond for costs only is sufficient to suspend execution. In the case of the State *v.* The Judge of the Fourth District Court of New Orleans, *ex relatione* Daniel Hickey, 20 An. p. 108, the court sustained the relator, who contended that as he was not condemned by the judgment complained of to pay a sum of money nor to deliver real estate, a bond of appeal for $250, an amount sufficient to cover costs, was sufficient.

In the case, State *v.* The Judge of the Second District of New Orleans 16 An. 371, opponents to a tableau of distribution were awarded a sum of money. The executrix was granted an appeal on giving bond and security " as required by law." The bond given being for a less sum than that required for a suspensive appeal, according to article 575 C. P., the court dismissed the application for a mandamus prayed for to compel the District Judge to grant the relators a suspensive appeal on the bond furnished.

Although it is not in conformity with the intent and purpose of the law, which certainly contemplates an equitable distribution of the proceeds of an estate among its creditors, to permit the execution of judgments against successions for the payment of money to be proceeded with as in ordinary cases by *fieri facias*, yet, I am unable to find in the provisions of the Code of Practice regulating the mode of proceeding in cases of appeal, that there is any distinction in favor of successions, by which an administrator or an executor is exempted from a compliance with article 575 C. P., where he appeals from a judgment ordering the payment of a specific sum of money. I must reiterate the declaration made by this court in the case last referred to, 16 An. p. 371. Referring to the requirements of articles 574 and 575 C. P., Chief Justice Merrick said : " We are aware of no law which exempts successions (against which judgments have been rendered) from this rule." The cases in 16 L. 515 and 10 An. 345, do not make such exception. Articles 575 and 1043 C. P., construed together, seem to me to sustain this opinion.

Coming to the second branch of the inquiry, which relates to the legal right of the Judge *a quo* to rescind his first order by which he granted the suspensive appeal and under which he accepted the required bond furnished by the appellants, I shall, as in the first branch, refer to the adjudged cases bearing upon the inquiry. In 5 An. 518, the case of The State *v.* The Judge of the Second District Court of New Orleans, the court having under consideration the legality of an order of the

State of Louisiana, ex rel. Mrs. Gausson, Executrix, and D. D. Withers v. The Judge of the Second District Court ot New Orleans.

District Judge in granting a party a suspensive appeal from a judgment which removed him from his office of administrator and condemned him to pay a certain sum of money, Mr. Justice Slidell said: "In deciding the application upon this ground (the ground of construing the application for the appeal so as not to involve an attempt by the Judge to violate the law) we are not to be understood as recognizing the position that a suspensive order of appeal illegally granted, would be binding upon the District Judge, especially in a case of this sort where an administrator who has disobeyed the command of the law with regard to the funds in hand," etc. In the case of Mrs. Perilliat v. A. Fernandez, 16 An. 192, a motion was made in the Supreme Court to dismiss the appeal as suspensive. The court said: "It is not the practice of this court to decree a qualified dismissal of an appeal such as the rule calls for. Such a decree would be tantamount to an order that execution issue notwithstanding and pending the appeal. It is well settled that an application for an order of that sort must be addressed to the court which has rendered the judgment and not to the appellate court." In 2 Rob. 551 the case of Stanton v. Parker, the court said in regard to the application of the plaintiff in that court for a rule upon the defendant to show cause why other and solvent sureties on the appeal bond should not be furnished by him, or in default thereof why the plaintiff should not be permitted to issue execution in a qua; "This is a matter which has properly to be tried before the lower court, which, though divested of jurisdiction as to the case itself, and its merits has nevertheless the power of pronouncing on the question whether the appeal is or shall be suspensive or devolutive, and to say whether the appellee shall be entitled to take execution or not, notwithstanding the appeal. The law and the Constitution have not given us that power." In 16 An. 251, the case of Kelly v. Lehman, the court dismissed the appeal on the ground that the bond covered the moneyed judgment but not the amount also of the note the defendant was required by the judgment to deliver. By the ruling in the case of The State v. Judge Buchanan, 13 La. 574, a party may proceed by rule in the District Court after an appeal granted and bond filed, to show cause why the appeal granted should not be set aside on the ground that the surety on the appeal bond was insufficient and not such as required by law; so if the surety on a suspensive appeal bond is shown to be insufficient, the appellee may have his execution immediately." In Tanner v. King, 10 An. 486, a motion was made in the Supreme Court to dismiss the appeal on the ground that the security on the appeal bond was not a resident of the parish where the bond was given. The motion was overruled, the court saying: "The party appellee might have addressed himself to the court of the first instance to test the sufficiency or legal qualifications of the surety on the appeal bond." There are numerous precedents for that proceed-

State of Louisiana, ex rel. Mrs. Gausson, Executrix, and D. D. Withers v. The Judge of the Second District Court of New Orleans.

ing. In the case of Byrne v. Riddell, 4 An. p. 3, a party against whom a judgment was rendered, and who was duly notified of it in December, 1845, applied by petition in the proper court in May, 1846, for a suspensive appeal. The Judge's order on the petition was as follows: Let an appeal be allowed in this case, returned to the Supreme Court on the third Monday in June, 1846, on the appellant's giving bond in the sum of $600, with J. L. Riddell as security, conditioned as the law directs. A bond was furnished according to the order. Afterwards upon suit brought against the surety, the question was as to whether the appeal was suspensive or devolutive. The court determining it to be devolutive, remarked: "Suppose the order of the Judge had said that a suspensive appeal was granted. It would have been in direct violation of law and being rendered ex parte could not affect the plaintiff's right to execution which was acquired by the expiration of the legal delay. It is therefore clear that the plaintiff could have executed the judgment after the appeal was granted."

To the same purport are many other cases found in our jurisprudence, and also in that of other States of the Union. See the case of Cothe v. Crane, Barber's Chancery Reports, p. 22, and that of Saltmarsh v. Tutriel, 12 Howard, p. 387.

I think there can be no doubt that the courts of the first instance have full and exclusive jurisdiction on appeals until the party appealing has fully complied with the terms of the law on the subject of appeals, whether suspensive or devolutive. That until such compliance the Judge of the court a qua is executory, and the Supreme Court has no jurisdiction of the case, and that the court of the first instance is not divested of jurisdiction over the case until the appeal has been formally and regularly taken according to law. I am of the opinion that in the case under consideration it was incumbent upon the appellants to have furnished within ten days from the date of the order of appeal, a bond exceeding by one-half the amount of the sum of money decreed by the judgment to be paid, fulfilling the requirements of article 575 of the Code of Practice. That this case is not one admitting a suspensive appeal to be granted on a bond to cover costs. That the bonds for $500, each given as stated by the Judge a quo at the instance of and upon the suggestion of the appellants themselves, are manifestly very far below the sum that would have been required for a suspensive appeal. That they can avail only to sustain a devolutive appeal. That the proceeding by rule in the lower court to rescind the order first rendered and to make the judgment executory was a legal proceeding; the first order having been illegally rendered. I am of the opinion that prohibition applied for ought not to be granted.

I concur in this opinion, and dissent from that of the majority of the court.—[W. B. HYMAN, C. J.

7

State of Louisiana, ex rel. Mrs. Gausson, Executrix, and D. P. Withers v. The ʸudge of the
                    Second District Court of New Orleans.

### ON APPLICATION FOR REHEARING.

LUDELING, C. J.   We refuse to entertain the application for a rehearing in this case, because article 851 of the Code of Practice declares that the court shall *pronounce finally* and summarily on the right of jurisdiction.

There is no delay necessary to make the order final.   The application must therefore be dismissed.