No. 143.—E. E. MARION AND HUSBAND *v.* B. M. JOHNSON AND J. S. RENDALL.

In determining the question whether acts complained of will work an irreparable injury to the plaintiff, on the trial of a motion to dissolve an injunction on bond, all the allegations in the petition for injunction must be taken as true. And if the facts set up show a trespass on real property, which, if continued, would change the possession of immovable property, the motion to bond under art. 307 C. P. will be overruled, because an irreparable injury would be done the plaintiff.

APPEAL from the Tenth District Court, parish of Caddo. *Levisee, J. Egan, Williamson & Wise,* for plaintiffs and appellants.   *S. W. Chapman,* for defendants and appellees.

WYLY, J.   The plaintiffs have appealed from the order of the district judge dissolving their injunction against the defendants, on the bond of the latter, under art. 307 C. P.

The appellees move to dismiss this appeal on several grounds: the most important is, that the acts complained of and enjoined did not work an irreparable injury, and therefore the injunction was properly dissolved on bond.

In determining this question, the allegations of the petition must be taken as true.

It alleges that the defendants, in building upon a contiguous lot to the plaintiffs', in Shreveport, have taken out, for a considerable space, the bricks of the wall of their building, to-wit: the Phœnix House, to the great injury of the wall; that they have removed part of the front wall and imbedded in it an iron pillar for the purpose of permanent occupancy, as part of the front of a building they are erecting on said contiguous lot; that they are taking absolute possession, with a view to appropriate to their sole use the wall and the soil upon which it rests, of which the plaintiffs are the rightful and peaceable possessors,

without their consent and to their irreparable injury; that the inner wall and the plastering of said house have been exposed by said acts, and a part of the outer wall and plastering entirely removed; and that it is impossible to remove, with a chisel or other instrument, the excess of the iron works inserted into their wall by the defendants; that the real purpose of the defendants is to dispossess them of said wall and the soil upon which it rests, which has for years been in their undisturbed possession; that the acts complained of are illegal and will work them an irreparable injury.

Under this state of facts, which, for the purposes of the present inquiry, is taken as true, we think the acts complained of and enjoined worked an irreparable injury in contemplation of law.

The acts complained of amount to a trespass, and the effect of dissolving the injunction under art. 307 C. P., would be a change of possession of immovable property from the plaintiffs to the defendants, by the court, without either a petitory or possessory action.

The other grounds taken by the appellees are untenable.

It is therefore ordered, that the motion to dismiss be overruled; and on the merits it is ordered that the order dissolving the injunction on bond, under art. 307 C. P., be set aside and annulled, and that the injunction be reinstated.

It is further ordered, that appellees pay costs of this appeal.