No. 2906.—The State ex rel. Pontchartrain Railroad .Company v. The Judge of the Eighth District Court.

| 23 | 51 |
|----|----|
| 52 | 105 |

In this case an injunction was granted restraining the city of New Orleans from destroying or removing the Pontchartrain Railroad depot. The city obtained an order dissolving the injunction on bond. The railroad company asked for an appeal from the order dissolving the injunction on bond, which the court *a qua* refused on the ground that no irreparable injury would follow.

| 23 | 51 |
|-----|-----|
| 107 | 339 |

| 23 | 51 |
|------|-----|
| d120 | 746 |

Held by the Supreme Court—That the allegations in the petition for injunction being taken as true, an irreparable injury would follow, because the company would, in case it was decided in their favor, be driven to another action on the bond to obtain their rights; that an appeal would lie in all cases from an interlocutory decree where an irreparable injury would follow.

APPLICATION for mandamus. *C. M. Emerson*, Judge of the Third District Court, presiding, in place of H. C. Dibble, Judge, absent. *Lea, Finney & Miller*, for relators.

Wyly, J. This is an application for mandamus to compel the judge of the Eighth District Court, parish of Orleans, to grant a suspensive appeal from an order permitting the defendant, in an injunction suit, to dissolve the injunction on bond, under art. 307, C. P

It appears that the relator, the Pontchartrain Railroad Company, sued the city of New Orleans, alleging that by its charter and also with the assent of the city of New Orleans, it acquired a certain franchise, more than thirty years ago, and the same was to be perpetual, to wit, the right to construct a railroad, a depot and other necessary works, "in the street, road or walking avenue which lines the space of ground reserved by Bernard Marigny, and known under the appellation of Marigny Canal, at the period when he established the old and the new suburb, starting from the bend of said canal to Levee street."

It is also alleged that in pursuance of this right the railroad was built, together with the depot and other works, more than thirty years ago; and that the city of New Orleans is about to remove these works and dispossess the company of its franchise. Upon these averments the writ of injunction was issued.

The order, sought to be appealed from, permits this injunction to be dissolved on bond, so far as it restrains the city of New Orleans from removing or causing to be removed all constructions of said company in said avenue, except the tracks of the railroad.

The complaint is, that this order will permit the city of New Orleans to remove the depot and other constructions necessary for the operation of the railroad, and will, in effect, deprive the company of the enjoyment of its franchise; that it works an irreparable injury.

In considering the question, we must take these allegations as true. If the city of New Orleans removes the depot and other buildings belonging to the said company from the place occupied by them, and where the company has the right to have them, it will commit a trespass, and an action for damages will arise in favor of the company and against the city of New Orleans.

If these constructions are removed, the present suit will not end the litigation between the Pontchartrain Railroad Company and the city of New Orleans, if decided in favor of the former; another suit, to wit: an action for damages, will have to be instituted in order to adjust the rights of the parties.

In contemplation of law it would be an irreparable injury thus to compel the plaintiff in injunction to resort to an action for damages in order to have his rights adjusted.

In The State v. The Judge of the Fifth District Court, 12 An. 455, a case directly in point, it was held that to permit the dissolution of the injunction on bond, may have "the effect to compel the plaintiff to institute a new action on the bond after the determination of this suit. It may so change the condition of parties to the present suit, that the final judgment in the case will not end the controversy. *, * * Orders producing such effects are considered as working irreparable

injuries.   C. P. 566;  Hyde *v.* Jenkins, 6 L. 435;  Gossett *v.* Cashell, 14 L. 245;  Taylor *v.* Penrose, 12 L. 137;  Comstock *v.* Paie, 15 L. 481;  2 R. 342.   As a question of law merely, it seems to result from the authorities cited that the plaintiff is entitled to appeal."

In White & Trufaut *v.* Carznave, 14 An. 57, it was held "that where the consequences of an interlocutory order are such that they can not be remedied by a final decree, and the party will be driven to another action to obtain his rights, it is an irreparable injury, from which he may appeal."

It is therefore ordered that the mandamus herein be made peremptory, and the judge be required to grant the appeal as prayed for.   It is further ordered that the city of New Orleans pay costs of this proceeding.