No. 3760.—E. BOEDICKER *v.* JOHN EAST et als.

An injunction will not be dissolved on bond if the injury caused thereby would be irreparable. The injury would be irreparable if the damages resulting from its dissolution could not be passed upon in the final decree in the case, or if its dissolution would work a change in the possession of real estate.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey*, J. *Kernan & Lyons*, and *Kilbourne & McVea*, for plaintiff and appellant. *K. A. Cross*, for defendants and appellees.

LUDELING, C. J. The plaintiff brought this action to have the boundary between his land and that of the defendants recognized and fixed; he alleged that the defendants were disregarding the ancient boundary, and he obtained an injunction to restrain defendants from disturbing his possession.

The defendants disregarded this injunction and took possession of about one hundred acres of the cleared lands of plaintiff, and commenced to cultivate it. The plaintiff obtained a second injunction to prevent defendants from passing the ancient boundary, and from occupying and cultivating the said one hundred acres.

The defendants then obtained an order to set aside the injunction upon giving bond, and upon executing their bond the injunction was dissolved.

At the first term of the court thereafter held, the plaintiff moved to have the order setting aside the injunction rescinded, on the grounds that the said injunction could not be set aside by giving bond, as the injury complained of was irreparable.

Boodicker v. East et als.

This motion was refused, and the plaintiff then appealed from the interlocutory decree allowing the defendants to set aside the injunction by giving bond.

The question is then, was or was not the injury complained of, and to prevent which the injunction was granted, irreparable?

"Where the consequences of the order are such as cannot be remedied by a final decree, and the party will be driven for protection of his rights to another suit for the same cause of action, the injury is irreparable." 14 An. 57, White v. Casanave, 7 R. 442, 12 An. 455. In Marion v. Johnson we said "when the acts complained of amount to a trespass, and the effect of dissolving the injunction would be a change of possession of immovable property," the injury is irreparable. 22 An. 512. Such, it would seem, would be the result of the dissolution of the injunction in this case.

It is therefore ordered and adjudged that the order appealed from be rescinded and annulled, and that the injunction be reinstated. It is further ordered that appellees pay costs of the appeal.