## No. 13,212.

STATE OF LOUISIANA EX REL LUDWIG SCHWAN, ET AL., VS. HONORABLE A. C. ALLEN, JUDGE, AND PAUL PECOT, SHERIFF OF THE PARISH OF ST. MARY.

51  1889
52  109
s52  570

### SYLLABUS.

Where the District Court grants plaintiff an appeal from its order setting aside the sequestration taken out by him on his furnishing bond for one hundred dollars if devolutive, or on bond according to law, "based on the value of the property set out in his petition" if suspensive, plaintiff's remedy, if he conceives the case to be one entitling him to a suspensive appeal on the bond for costs, is, to have the order of appeal modified by some direct proceeding resorted to for that purpose.

He can not furnish a bond for the hundred dollars, and upon the sheriff's informing him he proposed to release the seizure, ask the District Court for an injunction to restrain the sheriff from doing so, and on the court's refusal so to do, *mandamus* the district judge to grant the injunction.

The correctness of the order of appeal can not be tested in this collateral manner.

ON APPLICATION for Writs of Prohibition and *Mandamus*.

*D. Caffery and Son, Placide P. Signur, Philip H. Mentz, J. Sully Martel,* and *Wilson and Mayer,* for Relators.

Respondent Judge, *pro se.*

*Buck, Walshe and Buck, Milling and Sanders,* and *Charles A. O'Neill,* for William Schwan, et als., also Respondents.

Submitted on briefs June 6, 1899.
Opinion handed down June 12, 1899.
Rehearing refused June 26, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J.   It would appear from the relators' petition, that they had instituted a suit in the Twenty-Fourth Judicial District Court for the Parish of St. Mary, in which they alleged themselves to be the legal heirs of one Valentine Schwan, who had recently died in that parish, that he had left a last will and testament by which he had instituted certain named parties as his residuary legatees; that said parties were incapable of receiving under said will, as one of them was the concubine of the deceased, and the other, her children, who, under the law, were considered parties interposed in favor of the concubine, and one of said parties being the unacknowledged illegitimate son of the deceased, incapable of receiving from the estate of his natural father; that the property affected by said residuary bequest amounted to three hundred thousand dollars, principally in movables, which could be easily disposed of and secreted, and that said incapable legatees had taken illegal possession thereof under an order of court which recognized them as legatees.

That in said suit they prayed for and obtained from the court, an ex-officio order for the sequestration of said property *pendente lite*—relators' prayer in the suit being, that they themselves should be recognized as the legal heirs of the deceased, and entitled to the ownership and possession of the property of the estate, and that there be judgment decreeing the nullity of the bequests.

That subsequently to the granting of the order of sequestration, and the execution of the same by the sheriff of St. Mary, by taking possession of property of the value of fifty thousand dollars, the defendants in the suit moved the court to dissolve the sequestration, upon the ground, substantially, that the court had no right to issue the same, and that the allegations of relator's petition were not sufficient to justify the same.

That the court sustained said motion, and the sequestration was annulled and set aside to relators' irreparable injury. That after an ineffectual attempt to obtain a new trial, the court, on relators' application, granted them an appeal from said order of dissolution, suspensive or devolutive; the bond for the suspensive appeal being fixed according to law and for the devolutive appeal for costs amounting to one hundred dollars. That on the day following that on which the order of appeal was granted, the appeal was perfected,

by relators furnishing a bond for one hundred dollars, which being for costs, responded to the order fixing same according to law.

That the order dissolving the sequestration, but for said suspensive appeal which preserves the *status quo*, would operate a release of the property. That the sheriff of St. Mary affects to treat said appeal as devolutive, and proposes to release said property, and had so notified relators, though they had brought the existence of said suspensive appeal to his notice and attention, and demanded that he retain the property.

That the release of said property, would be a denial of justice and deprive relators of their constitutional, vested right of appeal and work them irreparable injury, unless they could obtain relief. That they had endeavored to enjoin the sheriff in the lower court from releasing said property, and presented to the district judge a petition stating on affidavit the facts above recited, on which they rested their claim to the maintenance of the *status quo,* and praying that on tender of bond made, an injunction be granted by the said District Court prohibiting the sheriff from releasing said property, held under the judicial deposit and sequestration, which injunction was refused by the judge, on the ground that it had no jurisdiction over the subject matter, the whole of which was before the Supreme Court on appeal. That unless said injunction was allowed, said court, through its executive officer, would proceed with the execution of the order appealed from, and would release the property. That they had given notice of their intention to apply to the Supreme Court for writs of prohibition and *mandamus* in the premises, to the defendants in the suit, to the district judge, and to the sheriff. In view of the premises, they prayed the Supreme Court to have issued a writ of prohibition, forbidding the district judge from proceeding with the execution of the order of dissolution of the sequestration, and a wrt of *mandamus* to said judge, commanding him to grant an injunction restraining the sheriff from releasing the property, sequestered and taken into his possession under the writ of sequestration, unless the judge show cause to the contrary, and if the Supreme Court should not grant said order of *mandamus* to the said judge, that it issue directly, an order of *mandamus* to the sheriff, to retain in his possession the property sequestered.

Upon consideration of this application, the district judge was ordered to show cause as prayed for.

Relators did not annex, as they should have done, a certified copy of their petition to the District Court for an injunction, and the judge's order of refusal on the same, nor did they annex a certified copy of the record in the suit, but before the application made herein was filed, the defendants, in the same suit, had applied to and obtained from this court an order to the district judge to send up to it the entire record in the suit, to the end that the validity of the different orders therein should be examined into and determined. and in obedience to said order, the said record has been sent up, and is now before the court. The recitals of the said defendants in their application, the nature and character of the relief sought for by them, and the facts shown by the record, will be found detailed in the opinion of this court, rendered this day, in the matter entitled, State, *ex rel,* Wm. Schwan vs. A. C. Allen, Judge, No. 13,217.

The judge has made no direct answer in the present suit, doubtless for the reason that he assumed that we would have come to a knowledge of the entire situation through the record sent up in the other case.

We are authorized to refer to that record for the purpose of ascertaining the facts, and to deal with this application from the knowledge of the situation which we have derived therefrom. An examination of the record discloses the fact, that while it is true, relators applied for an appeal, suspensive or devolutive, to the Supreme Court from the order of the judge dissolving the writ, and that the court granted the appeal, and that in doing so it stated the suspensive appeal should be perfected "on giving bond according to law," the court's order did not stop with these words, but went further than relators' application states.

In the order granting the appeal, the appeal was granted in case of a devolutive appeal, on an appeal bond, for costs fixed at one hundred dollars, and in case of a suspensive appeal bond according to law, based upon the amount set out in the plaintiffs' petition. Relators do not claim or pretend that they have given bond as the court ordered they should (bond in the amount set out in their petition), but only for one hundred dollars.

Their proposition is, that the words in the order, "based on the amount set out in plaintiffs' petition," should be considered not written either as an illegal condition, attached without authority by the judge to the right of suspensive appeal, or as surplusage.

Their contention is, that the situation should be dealt with as if the order granting a suspensive appeal had been for a suspensive appeal on relators furnishing bond according to law, and that from that standpoint, they had in law and fact, perfected and complied with the order, as the case was one where legally no larger bond could have been exacted of them to entitle them to a suspensive appeal, than one for costs.

The order of appeal, as written, has not been altered or modified in any way by the judge since he signed it, nor has any demand been made upon him by the relators to change it.

This court has never been called on by relators to order the judge to change or modify it.

The relief which relators ask at our hands, is with this order standing just as it was signed. It is clear that the words referred to in the order for a suspensive appeal, that it was granted on condition of relators furnishing bond based upon the amount set out in their petition, were not placed in the order inadvertently, but by design. The judge obviously thought the case was one where he was not only called on to fix the amount of the bond to be furnished for a devolutive, but, also, to fix that to be furnished for a suspensive appeal. There is a class of cases where such duty does devolve upon the judge, and it was upon the hypothesis that this duty was cast upon him in this particular case that the judge fixed the amount of the bond.

We presume that official notice of the order of the court, setting aside the order of sequestration; of the order for the suspensive appeal, and the terms thereof, and of the action of the relators, under the order of appeal, must have been given to the sheriff, and furnished the ground upon which he stated to relators that at the demand of the defendant, so to do, he proposed to release the sequestration.

When the relators sought an injunction at the hands of the District Court, to restrain the sheriff from carrying out this intended action, the whole subject matter must have been brought to the attention of the court and for its action. When the court refused to grant the injunction, the court must, obviously, have recognized the fact that so long as the order of appeal stood as it was written, the sheriff could not safely hold the property any longer, and must have adhered to his original idea and judgment; that the case was one, where a bond larger than one for costs should be given by

State ex rel Schwan vs. Judge and Sheriff.

relators, to entitle them to a suspensive appeal, and that it was its duty to fix the amount of the bond. Had the court thought otherwise, it would, unquestionably, have struck the words complained of from the order of appeal and granted the injunction. We do not see how the judge could have granted an injunction against the sheriff from complying with its own order as written, and so long as it remained unchanged. If we are called on to test the correctness or incorrectness of the judge's refusal from that standpoint, the court was evidently correct.

We apprehend, however, that relators' real object in this application is not so much to test the correctness of action of the court in refusing the injunction, as it is to test the correctness of the order of appeal in manner, form and substance as it was granted.

We do not think the correctness of that order can be questioned in this particular proceeding. If relators thought they were entitled to a suspensive appeal on furnishing a bond, simply for costs, and that the court's action in granting such an appeal only upon condition that they should furnish a bond based on the amount set out in their petition was error, they should have sought relief from this court directly from that order, and not collaterally, as they are attempting to do here.

We have no objection, however, to stating that, in our opinion, the court was justified, under the exceptional circumstances of this particular case, in considering it one, where, in view of the legal situation, it was entitled to fix the amount of the bond for a suspensive appeal.

As we stated in our opinion in the matter of State, *ex rel*, William Schwan, *et al.*, vs. Allen, Judge, decided this day, the District Court had the right to primarily determine whether relator had complied with the order of appeal and the conditions attached thereto.

The writs applied for are refused.

Rehearing refused.