No. 13,199.

STATE OF LOUISIANA EX REL. H. P. HAKE VS. THE JUDGE OF THE FOURTH JUDICIAL DISTRICT COURT.

SYLLABUS.

1. An owner in indivision of timber lands has no right to cut and take timber therefrom without the consent of his co-owner, and if he attempt to do so, may be stopped by injunction, and such injunction is not one which may be dissolved on bond.

2. Where the trial court grants an order permitting such an injunction to be dissolved on bond, a suspensive appeal will lie, and in such case the amount of the suspensive appeal bond should be fixed by the judge.

3.  Ordinarily, a bond for a sum large enough to cover costs suffices in such case for a suspensive appeal bond, but a reasonable discretion as to this is vested in the trial court, subject to correction here, through the proper remedial writ, in case of abuse of such discretion.

4.  Where, in such case, a devolutive and suspensive appeal is granted and the devolutive appeal bond is fixed at $100, the suspensive appeal bond "according to law", it is considered that the suspensive appeal is perfected on the giving of a bond for an amount one-half over and above the sum named as sufficient to cover costs, or for $150.

APPLICATION for Writs of *Mandamus* and Prohibition.

*R. J. Bowman* for Relator.

Respondent Judge *pro se.*

*W. C. Roberts* and *A. B. Hundley* for Lea & Beal, Respondents.

On the application for rehearing by MONROE, J.

The opinion of the court was delivered by

BLANCHARD, J.  We gather from the record the following facts:— Relator and one Henry O'Neal owned in indivision 760 acres of pine timber land in the parish of Grant.  The land was assessed for taxes to relator and the said O'Neal.  Taxes for the year 1895 were not paid, or else those on relator's undivided interest were not paid, and a tax sale of the land, or of relator's interest in same, was made in 1896.  At this tax sale O'Neal purchased the interest of his co-owner.

Subsequently O'Neal died and at the probate sale of his property, S. R. Lee and W. C. Beal purchased the land in question.  That is to say, they acquired the undivided half interest of same which O'Neal had originally owned, and also the half interest which relator had originally owned, but which O'Neal had bought at tax sale prior to his death.

In 1898 relator instituted an action against Lee and Beal to recover the undivided half of the land he had owned in indivision with O'Neal, and which the latter had acquired at tax sale.  The suit was brought to set aside the tax sale and the subsequent title to that interest in the land claimed to have been acquired by Lee and Beal.

We have then an action by relator claiming ownership in indivision of a half interest in the tract of land, and praying judgment accordingly.

While this action is pending, Lee and Beal go upon the land with a force of hands and commence cutting the timber. Whereupon, in October, 1898, the plaintiff in that case (relator herein) sued out a writ of injunction restraining the cutting and disposing of the timber.

Following this, in March, 1899, Lee and Beal took a rule to show cause why the injunction should not be dissolved on bond.

It seems that in his suit against them relator alleged the value of his interest in the land to be $1800. Subsequently, before trial of the rule to dissolve, he, by amended petition, averred its value to be $3500.

The rule was tried and an order made or judgment entered dissolving the injunction on defendants (Lee and Beal) giving bond in the sum of $1800.

This ruling of the trial judge was erroneous. An owner in indivision of timber lands has no right to cut the timber on such land without the consent of his co-owner, and if he attempt to do so, may be stopped by injunction, for the act is in the nature of a trespass, and such injunction is not one which may be dissolved on bond.

So, too, where one, claiming ownership in whole or in part of timber land, brings a *bona fide* suit to be decreed such owner, the defendant in such suit may not, during its pendency, cut the timber therefrom. He should respect the existing *status* pending the suit. And if he seek to cut the timber, his hand may be stayed by injunction and the same should not be dissolved on bond.

Nor is this affected by the fact that in his injunction suit the claimant owner may assert the land, or the timber thereon, to be of such value—naming the amount. Such allegation is necessary to determine the proper jurisdiction on appeal.

In Dusan de la Croix vs. Villere, 11 La. Ann. 39, it was held that defendant could not bond an injunction which had issued to prevent him from cutting timber on land the ownership of which was claimed by plaintiff in a pending suit; that the destruction of forest and other trees came under the head of "irreparable injury", and an injunction to restrain the same should not be set aside on bond under Art. 307 of the Code of Practice.

See also State *ex rel.* R. R. Co. vs. Judge, 23 La. Ann. 52; State vs. Judge, 12 La. Ann. 455; White and Trufant vs. Casenave, 14 La. Ann. 57; 22 La. Ann. 512; 24 La. Ann. 154.

From the erroneous ruling permitting the injunction to be dis-

solved on bond, plaintiff in the suit (relator herein) applied by peti-
tion for a suspensive and devolutive appeal. Court had adjourned,
but we find the application for suspensive appeal was timely. Ap-
pended to the petition for appeal was an order therefor. It reads as
follows:

"The foregoing petition being considered, it is ordered that peti-
tioner, H. P. Hake, be granted a devolutive and suspensive appeal as
prayed for, returnable to the Supreme Court of Louisiana at the term
of said court to be holden in the city of New Orleans, on the second
Monday of November, 1899, on his executing his bond in favor of W.
L. Shackelford, Clerk of said District Court, for a devolutive appeal
in the sum of One Hundred Dollars, for suspensive appeal according
to law."

There was no doubt of plaintiff's right to appeal suspensively from
the interlocutory judgment dissolving his injunction on bond.

And such judgment came within that class where, when appealed
from, it was the duty of the judge to fix the amount of the suspensive
appeal bond as well as that of devolutive appeal bond. 29 Ann. 289;
16 Ann. 371; 20 Ann. 108; 21 Ann. 43; 29 Ann. 776; 15 Ann. 333.
It was not a judgment condemning plaintiff to pay a sum of money,
nor to deliver up movables or other property of which he had the pos-
session.

There was, therefore, no sum upon which could be predicated the
amount of a suspensive appeal bond "according to law."

When the injunction was sued out plaintiff was required to give a
bond for such sum as the judge fixed, conditioned upon satisfying
such judgment for damages as defendant might recover in case of
the wrongful suing out of the injunction and injury resulting there-
from. This bond protected defendants.

When, afterwards, defendants obtained the decree to dissolve the
injunction on bond, plaintiff could be condemned in such judgment
for nothing beyond the costs of the proceedings leading up to such
dissolution on bond, and, accordingly, would, ordinarily, it would
seem, be entitled to a suspensive appeal on giving a bond sufficient for
costs. The most that may be claimed to the contrary of this is, that
a reasonable discretion was vested in the trial judge to fix *the amount*
of the suspensive appeal bond in such case—his ruling being liable to
review and correction here, through the proper remedial writ, if he

fixed it at an excessive sum, or if, when called upon in a proper case, he refused to fix it.

If, as in this case, the judge, having granted both a devolutive and suspensive appeal, fix the devolutive appeal bond at $100, and add that the suspensive appeal bond should be "according to law," the meaning and legal effect to be given to such words, considering the character of the judgment appealed from, is that a bond one-half over and above the amount named as for costs will suffice for a suspensive appeal. The judge might in his discretion have named a reasonable sum as the amount of the suspensive appeal bond, subject to correction here, if excessive. But he chose to confine himself, in the matter of fixing the amount of the appeal bonds, to a sum which he deemed sufficient to cover the costs (including those of appeal) of the proceeding to dissolve the injunction on bond, and then to say that the suspensive appeal bond shall be "according to law".

As there was and could be no other judgment against plaintiff in such proceeding except for costs, and as the judge had, himself, fixed a probable amount as covering all such costs, the suspensive appeal bond to be given under such order was one-half over and above the amount the judge named as covering the costs. Accordingly, when plaintiff gave a bond, with proper surety, for $150, he must be held as having perfected his suspensive appeal from the judgment dissolving his injunction on bond.

In Stafford vs. Renshaw, 33 La. Ann. 444, the court went beyond this. There, it seems, the devolutive appeal bond was fixed at $250, the suspensive appeal bond "according to law". It was held that the judgment, being one as to which, when appealed from, the article of the Code of Practice did not fix the amount of the suspensive appeal bond, the suspensive appeal applied for and granted was perfected when a bond for the amount fixed for costs was given. Said the court: "The lower judge fixed the amount of the bond, in case of a devolutive appeal, at $250, which could only be *for costs*. It virtually fixed the same amount for the bond in case of a suspensive appeal."

In State *ex rel.* Williamson vs. Judge, 30 La. Ann. 314, one Crosby took out executory process against certain property mortgaged by Williamson and Hutson. Williamson enjoined the sale on the ground of the prescription of the debt. The injunction was dissolved without damages and Williamson applied for an order of appeal. A sus-

pensive, or devolutive, appeal, in the alternate, was allowed him. The bond for the devolutive appeal was fixed at $100, and that for the suspensive appeal at a sum one-half over and above the amount of the debt sued for. He refused to give either of these bonds and tendered one for $500 as a suspensive appeal bond. This was refused and he invoked the writ of *mandamus* to compel the judge to reduce to five hundred dollars the amount of the bond to be furnished by him for a suspensive appeal. The court said, in effect, that as the decree appealed from only condemned Williamson to pay costs, which, considering the amount of the bond fixed for a devolutive appeal, could not have exceeded one hundred dollars, and as the bond tendered was several times greater than that sum, it entitled the appellant to a suspensive appeal, and the *mandamus* was made peremptory. The *syllabus* of that case reads: "In a suspensive appeal from a judgment dissolving an injunction without damages, the amount of the appeal bond need only exceed by one-half the costs, which the appellant was condemned by the judgment to pay."

See also State *ex rel.* Durand vs. Parish Judge, 30 La. Ann. 232; Hart vs. Lazarus, Judge, 34 La. Ann. 1210; Millaudon vs. Percy's Syndic, 7 N. S. 352; Blanchin vs. Steamer Fashion, 10 La. Ann. 345; State *ex rel.* Hickey vs. Judge, 20 La. Ann. 108; Heath vs. Vaught, 16 L. 520; State *ex rel.* Gausson vs. Judge, 21 La. Ann. 43; State *ex rel.* Beebe vs. Judge, 23 La. Ann. 31.

The judge evidently contemplated that as defendants were required to give a bond for $1800 in order to dissolve the injunction, plaintiff should give a suspensive appeal bond for a sum one-half over and above the amount of the dissolving bond.

This was erroneous. The amount of the dissolving bond did not and could not serve to indicate the amount of a suspensive appeal bond to be given "according to law".

The objection that citation of appeal was not seasonably served upon Lee & Beal so as to operate a suspensive appeal is without force. The appeal was seasonably taken and the appeal bond seasonably filed. The appellant is not to be held responsible for the failure of the clerk to timely issue the citation of appeal, nor the failure of the sheriff to timely serve the same, and if he were those officials (or the one delinquent) would be responsible to him on their official bonds.

Defendants, contending that plaintiff had taken only a devolutive appeal from the judgment permitting them to bond the injunction

and that such appeal did not suspend the execution of the judgment, gave the required bond for $1800. This, they thought, had the effect of setting aside the injunction forbidding them from cutting timber on the land, and, accordingly, they resumed cutting.

This was irregular and erroneous.

Plaintiff claimed his bond was for a suspensive appeal. He filed it as a suspensive appeal bond. It was not for defendants to judge for themselves that it was not a suspensive appeal bond. Their proper course was to take a rule on plaintiff to test the question whether or not he had taken and perfected a suspensive appeal from the judgment dissolving the injunction on bond.

It was the province of the trial judge to pass upon this question, to determine whether the appeal is suspensive, or devolutive only. State ex rel. Gausson vs. Judge, 21 La. Ann. 43; State ex rel. Gill vs. Tissot, Judge, 34 La. Ann. 91; State ex rel. Ludwig Schwan vs. Allen, Judge, 51 La. Ann. 1889; State ex rel. Wm. Schwan vs. Allen, Judge, 51 La. Ann. 1892.

Defendants having resumed the cutting of timber, plaintiff (relator) took a rule as for contempt against them for disregarding the writ of injunction, and sued out a second injunction restraining the cutting of the timber.

Both these proceedings—the rule for contempt and the second application for injunction—proceeded upon the theory, on plaintiff's part, that his appeal from the judgment dissolving the first injunction was a suspensive one.

Defendants filed a motion to dissolve the second injunction and trial was had upon this motion, as well as upon the rule for contempt.

Passing upon the question whether or not plaintiff's appeal was *suspensive* the judge held it was not, and, so holding, he dismissed the rule as for contempt and dissolved the second injunction with $50 damages in favor of defendants.

Whereupon plaintiff applied for an appeal suspensive from these rulings.

The judge refused the same.

Then it was that plaintiff applied to this court for its writs of prohibition and *mandamus*.

On application for the writ of prohibition, under the circumstances presented herein, the inquiry into the sufficiency of the appeal bond

to entitle the appellant to a suspensive appeal is proper. State *ex rel.* Gausson vs. Judge, 21 La. Ann. 43.

Indeed, relator's whole case rests upon whether or not his first appeal was suspensive. We have pointed out it must be so considered.

This being so, it follows there was error on part of the trial judge in dismissing the rule as for contempt, in dissolving the second injunction and in awarding judgment against plaintiff for damages for taking out the second injunction.

For the reasons assigned, it is ordered that the writ of *mandamus* be made peremptory, requiring and commanding respondent judge to enforce the first injunction sued out by plaintiff in the suit of H. P. Hake vs. Lee & Beal, No. ——, in the District Court, Parish of Grant, pending the suspensive appeal taken by said Hake from the judgment permitting said injunction to be dissolved on bond.

It is further ordered that the writ of prohibition be made peremptory, commanding respondent judge to permit no effect to be given, pending plaintiff's said appeal, to the bond for $1800 filed by defendants in said cause as entitling them to dissolve said injunction, and commanding S. R. Lee and W. C. Beal to observe in full the requirements of the said writ of injunction pending said appeal.

It is further ordered that the writs of *mandamus* and prohibition be made peremptory to the end of requiring respondent Judge to grant the suspensive appeals applied for by relator from the judgment dismissing his rule for contempt against defendants Lee and Beal, and from the judgment dissolving with damages the second injunction sued out by relator against said defendants.

It is further ordered, etc., that costs of this proceeding be borne by the respondents.

### On Application for Rehearing.

Monroe, J. Relator alleges, in substance, that he owned 760 acres of land in Grant parish, in common with Henry O'Neal, that said land was assessed in the name of Hake & O'Neal and was sold for taxes, and adjudicated to O'Neal, in 1896; that, at a probate sale, made in 1898, in the succession of the said O'Neal, it was adjudicated to Lee & Beal, and that, in August, 1898, he sued Lee & Beal to recover his undivided half interest therein. He alleges that the value of the said land consists almost exclusively in the pine timber thereon, and that, after the institution of his said suit, to-wit: about Oc-

tober, 1898, Lee & Beal began to dispose of the timber, whereupon he obtained an injunction to restrain them from so doing. That, in March, 1899, Lee & Beal took a rule to have said injunction dissolved on bond, which application was resisted on the ground that such dissolution would work an irreparable injury. The relator had alleged in his petition that his interest in the land was worth eighteen hundred dollars, but, before trial of said rule, amended his pleadings and alleged the value of said interest to be $3500. He further alleges that judgment was rendered making said rule absolute, and authorizing defendant in injunction to dissolve the same upon giving bond in the sum of $1800. That said judgment was rendered about March 15, 1899, and the court adjourned March 17, 1899. That he applied for a devolutive and suspensive appeal therefrom returnable to the Supreme Court upon the second Monday in November, 1899, which was granted by the district judge upon his giving bond, for a devolutive appeal in the sum of $100, and for a suspensive appeal in a sum according to law; that he executed a bond in the sum of $150, for a suspensive appeal, which was largely in excess of the amount required, as the judgment was only for costs, and that said petition and order of appeal and bond were filed March 24, 1899, being within seven days of the date upon which the court adjourned.

He further represents, that notwithstanding the suspensive appeal thus taken and perfected, Lee & Beal continued to cut the timber on said land, and he, therefore, on May 1st, obtained an injunction to restrain them from so doing, pending said appeal, and also took a rule on them to show cause why they should not be punished for contempt for violating the injunction previously issued. That upon trial of said rule, the district judge held, that the appeal taken by relator was not suspensive; that a suspensive appeal would not lie from an order dissolving the injunction on bond; and that the bond given by defendants in injunction was sufficient to indemnify relator for any damages which might be sustained by him.

He further alleges that the validity of the suspensive appeal was not raised in the answer to the rule, and that in view of the order therefor, and of the filing and acceptance of the appeal bond, the district judge was divested of jurisdiction and control of the case, save for the purpose of testing the bond and surety; and that from any action rescinding the order granting the said suspensive appeal, he is entitled to a suspensive appeal, and upon refusal of the same, to

*mandamus* and prohibition, and that, as matters stood, it was the duty of the district judge to enforce the injunction agreeably to the provisions of C. P. 308 and Act 77 of 1896. He alleges that he applied for a suspensive appeal from the judgment dismissing the rule for contempt, and refusing to enforce said injunction, and that the same was denied.

He further alleges that the second injunction sued out by him was dissolved on motion of the defendants upon the face of the papers with $50 damages, and that a suspensive appeal from said judgment was denied him, and that Lee & Beal are still cutting timber on the land in question, to his (relator's) irreparable injury.

He prays that a *mandamus* issue to compel the district judge to enforce the injunction issued by him against said Lee & Beal, and commanding him to grant a suspensive appeal from the judgment dismissing the rule to punish Lee & Beal for violating the same and refusing to enforce the same; and, also, commanding him to grant a suspensive appeal from the judgment dissolving the second injunction sued out by relator.

He further prays that the district judge be prohibited from rescinding or annulling the suspensive appeal taken by relator from his order dissolving the original injunction on bond.

And he further prays that Lee & Beal be commanded to respect said injunction, or to show cause to the contrary, etc.

Upon this petition, an order was made, directing the judge *a quo* to show cause why the writs should not issue as prayed for, and also, directing that notice be given to the parties in interest. This order appears to have had the effect of maintaining the *status* as it existed after the issuance of the first injunction, and prior to its dissolution on bond.

This, court, in passing upon this application, made peremptory the *mandamus* commanding the district judge to enforce the first injunction sued out by relator, pending the suspensive appeal taken by him, and commanding him to grant suspensive appeals from his judgments disolving relator's rule for contempt, and dissolving his second injunction with damages. And also made peremptory the writ prohibiting said judge from giving effect, pending the appeal, to his order dissolving relator's injunction on bond, and commanding S. R. Lee and W. C. Beal to observe said injunction, pending said appeal.

In the course of the opinion, leading to this conclusion, it is said

by the court, that the ruling of the trial judge in dissolving relator's original injunction on bond was erroneous, for the reasons:

1. That an owner in indivision may be restrained by his co-owner from cutting timber on the common property, and that an injunction in such case should not be dissolved on bond, for the reason, that the act enjoined is in the nature of a trespass.

2. That, where one claims ownership, and brings a *bona fide* suit to vindicate his title, the defendant should observe the *status quo,* and an injunction to maintain the same should not be dissolved on bond.

This seems, in effect, to decide the main, if not the only, question which will be presented upon the appeal which is made returnable to this court upon the second Monday in November. We now think it was unnecessary, for the purpose of the present case, to so decide at the present time.

The judge of the first instance is vested, primarily, with jurisdiction to determine whether the dissolution on bond of an injunction issued by him, will work an irreparable injury to the plaintiff by whom it is sued out, and if, in his opinion, such would be the effect, he ought not to dissolve it on bond.

Upon the other hand, if he thinks that the dissolution of the injunction will work no other injury, than such as may fairly be compensated in dollars and cents, it is his province to so hold and to grant the order to dissolve.

He granted the order to dissolve and plaintiff asked for a devolutive and suspensive appeal. The judge made an order allowing both appeals, and plaintiff gave bond in accordance with the order.

We are of the opinion that, considering the order of appeal and bond, as given, the appeal should be regarded as suspensive, but think that the question as to whether it was properly or improperly granted, need not be determined at this time, but may be left open for consideration when the appeal itself comes up.

With these modifications of the former opinion herein, the application for rehearing is denied.