## Bertin, Executor, *v.* Phillips.

Where a slave belonging to a succession is convicted in a prosecution on a criminal charge, and the judgment orders the costs to be paid by the owner, the costs are a debt due by the succession, and must be presented to the executor for payment in due course of administration, with the privilege established in favor of law charges. No *fi. fa.* can be legally issued from the court of ordinary jurisdiction by which the judgment was rendered. Should a *fi. fa.* be issued and the slave be sold under it, the sale will be null; nor can it be rendered valid by the fact of the executor's making no objection to the proceeding, and receiving the surplus of the price after payment of such law charges. An executor cannot give validity to a sale of the property of a succession, made without observing the forms of law.

APPEAL from the District Court of the First District, *Buchanan*, J.
The judgment of the court was pronounced by

King, J. This is a petitory action, instituted by the plaintiff as testamentary executor of *W. Porter*, deceased, for the recovery of a slave, alleged to be in the illegal possession of the defendants, who claim to be his owners. In the court below, there was a judgment for the plaintiff, from which the defendants have appealed.

After the death of *Porter*, the slave in question, who belonged to his succession, and had been inventoried as such, was prosecuted under a criminal charge, and, upon his conviction, the court ordered the costs to be paid by the owner. A *fi. fa.* was issued under this judgment, in virtue of which the city marshal seized the slave in controversy, and, after the usual advertisements, adjudicated him to *Fisk*, for $340. *Fisk* subsequently sold him to the defendant, *Mrs. Phillips*. The plaintiff contends that, the execution issued improvidently; that the City Court was without authority to order the sale of property belonging to a succession; and that the estate has never been legally divested of its title to the slave.

The master is personally answerable for the damages occasioned by the offences committed by his slave, and when the latter is prosecuted in the name of the State, notice must be given to the owner, who may exonerate himself from responsibility by abandoning the slave, who, in that event, is to be sold for the payment of the damages and costs. Civil Code, arts. 178, 180, 181. - B. & Co. 51, 64. There was no abandonment in the present instance; and we have been referred to no law which excepts slaves convicted of crimes from the general rule regulating the sale of succession property, and subjects them to seizure under executions issued from courts of ordinary jurisdiction for the payment of costs. In the absence of such an exception established by law, the

BERTIN
v.
PHILLIPS.

slave, who formed a part of a succession under administration, could only have been sold under the authority of the Court of Probates.    Code of Pract. arts. 924, 983 *et seq*.

The costs which had accrued upon the prosecution constituted a debt due by the succession, and should have been presented to the executor, whose duty it would have been to recognise it, with the privilege established in favor of law charges, and to have paid it as such, in the course of administration.

*Mrs. Porter*, the widow of the deceased, who was acting as executrix, at the date of the marshal's sale, made no objection to the proceeding, and after the adjudication of the slave received the surplus of the price produced, deducting the charges for which he had been sold.    This, it is contended, is a confirmation of the sale.    The sale itself was null, and the executrix was without authority to give validity to an alienation of succession property, made without the forms of law.

*Fisk* was called in warranty, and the same judgment rendered in favor of the plaintiff against the defendant, was also also rendered in favor of the latter against the warrantor.

We think there is no error in the judgment of the District Court, and it is therefore affirmed, with costs; reserving to the defendant, *Fisk*, all his rights of action against *Mrs. Porter*, the former executrix of *W. Porter*, deceased, and against the succession of said deceased, if any he have.

*Blache*, for the plaintiff.    *E. A. Bradford*, for the defendant and appellant. *Elwyn*, for the party cited in warranty, who also appealed.