POOLEY, NICHOL & CO. *v.* THOMAS A. SNOW.

*The garnishees, in answer to interrogatories, denied indebtedness to defendant, but acknowledged the possession of a note past due and protested which the garnishees had received from the defendant (payee of the note) who was their debtor; the said note exceeding the amount which was due them by defendant and received with an agreement that when paid, its proceeds should be applied, 1st, to the payment of defendant's indebtedness to garnishees; 2d, to that of various other creditors of defendant. Judgment was rendered condemning the garnishees to pay the judgment of plaintiff against defendant, or, in default thereof, to deposit in court the promissory note abovementioned. Held: The judgment appealed from is manifestly erroneous. No money judgment could be rendered against the garnishees, because the answer denied indebtedness and the traverse neither alledged nor was it proved that any money of defendant came into the hands of the garnishees. As to the alternative judgment for the delivery of the note, we hold it to be irregular, because it annuls the pledge of the note for the security of defendant's debt to the garnishees, a contract which could only be annulled by a direct action.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Mott & Fraser*, for plaintiffs. *Clarke & Bayne*, for defendant and appellant.

BUCHANAN, J. Upon judgment in favor of plaintiffs against defendant, execution issued, upon which a seizure was made in the hands of Voorhies, Griggs & Co., and interrogatories were propounded to said firm as garnishees. Their answers to interrogatories denied indebtedness to defendant, but acknowledged the possestion of a note, past due and protested, which the garnishees had received from defendant (payee of the note) *who was their debtor;* the said note exceeding the amount which was due them by defendant, and received, with an agreement that, when paid, its proceeds should be applied, first, to the payment of defendant's indebtedness to garnishees, and secondly, to that of various other creditors of defendant. The answers of garnishees to interrogatories were traversed, on the ground that they disclosed an illegal and fraudulent preference, and that the note held by plaintiff ought to be delivered up in satisfaction of the execution. Upon this issue, the District Court rendered a judgment condemning the garnishees to pay the judgment of plaintiffs against the defendant, and in default thereof, to deposit in court the promissory note mentioned in the answers to interrogatories.

The garnishees have appealed. The judgment appealed from is manifestly erroneous. No money judgment could be rendered against the garnishees for the amount of the judgment of plaintiffs against defendant, or for any other sum, because the answers denied indebtedness; and the traverse neither alledged nor was it proved, that any money of defendant had come into the hands of garnishees. As to the alternative judgment for the delivery of the note, we hold it to be irregular, because it annuls the pledge of the note for the security of defendant's debt to garnishees, a contract which could only be annulled by a direct action.

Judgment reversed, and judgment for garnishees and appellants with costs in both courts.

VOORHIES, J. recused himself for relationship to one of the parties.

MERRICK, C. J. The execution is the basis of the proceeding in garnishment, without which the latter cannot be sustained. 8 Rob., 244; 3 An., 380; 9 An., 460. After the death of Thos. A. Snow, 6th of September, the execu-

tion ought to have been returned and the proceeding should have been cumulated with the mortuary proceedings or conducted contradictorily with the administrator.

It was not then the proper proceeding to attack the pledge of *Griggs, Voorhies & Co.* nor to enforce a preference against Snow's estate. I therefore concur in the judgment in this case.