No. 368.—JAMES F. HOUSTON, Administrator, *v.* W. CHILDERS et als.

An exception to the capacity of the plaintiff to stand in judgment should not be permitted to be filed after the general issue has been pleaded, because the general issue admits the capacity of the plaintiff. 21 An. 188.

Property of a succession under administration can not be seized and sold under a judgment against the deceased owner. A sale of property or lands thus situated under a writ of *fieri facias* issued from the district court is an absolute nullity, and the purchaser is responsible to the succession for rents from the date of the notice of seizure, but the claim for rent is prescribed by three years.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins, J. J. D. Watkins* and *Griffin & Snider,* for paintiff and appellee. *Richard W. Turner,* for defendants and appellants.

WYLY, J. In 1865 W. Childers bought the land described in the petition at sheriff's sale under his judgment against Elizabeth Houston, for the price of $2000.

The plaintiff, the administrator of the succession of the said Elizabeth Houston, sues to annul the said sale and to recover the property, with rents, on the ground that it was an absolute nullity, because Elizabeth Houston was then dead, and her property could not be sold under a writ of *fi. fa.* He also alleges the formalities of law were not complied with in said intended sale.

The defendants plead the general issue and aver the validity of their title. But if it should be held to be invalid, they pray for the return of the $2000, the price of adjudication, before a writ of possession issues against them for the land. In reconvention to the claim for rent, they pray for $3000, the value of the improvements placed on the land by them. They also plead the prescription of one, two and three years.

The defendants subsequently excepted to the capacity of the plaintiff.

The court decreed the nullity of the sale of the fifth of November, 1865, and ordered the land to be restored to the succession represented by the plaintiff. The reconventional demand was rejected; there was judgment for the plaintiff for rent at the rate of $800 per annum from sixteenth February, 1868, until first January, 1871, and thereafter at the rate of $200 per annum. From this judgment the defendants appeal.

As to the exception to the capacity of the plaintiff to stand in judgment for the succession of Elizabeth Houston, we think the court did not err in refusing to allow it to be filed. The general issue already pleaded admitted the capacity of the plaintiff. See Silvernagle & Co. v. J. A. Fluker, 21 An. 188; see also 17 An. 277; 19 L. 429; 14 An. 657; 11 An. 688; 6 An. 97; 10 An. 140; 11 R. 7; 6 R. 484; 12 L. 618.

The sale of the property belonging to the succession of Elizabeth Houston, under the judgment of W. Childers, against her was a nullity. The district court had no jurisdiction to issue a writ of *fi. fa.* against property belonging to a succession under administration.

" Courts of probate have exclusive power—    *    *    *    *

" *Fifth*—To grant orders, to make inventories and sale of the property of successions which are administered by curators or testamentary executors, or in which the heir prays for the benefit of inventory." C. P. 924.

"All debts in money which are due from successions administered by curators appointed by courts and by testamentary executors *shall be liquidated and their payment enforced* by the court of probate of the place where the succession was opened." C. P. 983.

The defendant Childers has no right to claim the restoration of the price of adjudication, because the property was sold to him under his judgment, and he doubtless retained the price, or at most he paid it to the sheriff, who returned it to him, as he was bound to do under the writ.

A judgment creditor has no right to seize under *fi. fa.* succession property, buy it himself, and then demand of the administrator the restoration of the amount bid before the property shall be returned to the estate. The probate court has the right to distribute the funds of a succession according to the rank and privilege of creditors. No creditor can by the illegal use of the writ of *fi. fa.* gain an advantage in the collection of his claim. He can not by it acquire possession of succession property and then refuse to surrender it to the administrator till his debt, or part thereof, is paid.

The judge did not err in holding that the prescription of three years is applicable to the claim for rent; that the rent prior to three years from the suit is barred. But he erred in fixing the date of the suit from the day the petition was filed; it was only from the service of citation on W. Childers, to wit, ninth March, 1871.

Houston, Administrator, v. Childers et als.

The plaintiff may therefore recover rent from ninth March, 1868, at the rate of $800 per annum (the value thereof proved) till first January, 1871.

The value of the rent since the first of January, 1871, is not proved; and the judge erred in allowing judgment therefor at the rate of $200 per annum.

It is therefore ordered that the judgment appealed from be amended by striking out that part for rent, and in lieu thereof let the plaintiff recover of the defendant rent at the rate of $800 per annum from ninth day of March, 1868, till first day of January, 1871. As thus amended let the judgment be affirmed.

It is further ordered that the appellees pay costs of appeal.