No. 6527.

HALL & LISLE IN LIQUIDATION vs. JAMES L. BELDEN.

The property of a succession can not be sold under a *fieri facias* issued on an *ordinary* judgment, even though the judgment has been given to enforce a mortgage,. and vendor's lien. The holder of such a judgment must go into the probate court, to enforce his rights.

APPEAL from the Fifteenth Judicial District Court, parish of Terre-bonne. *Beattie*, J.

*Charles W. DuRoy*, for plaintiffs and appellees.

*Grover & Harding*, for defendant.

The opinion of the court was delivered by

EGAN, J. The plaintiff obtained judgment *via ordinaria* against the defendant, Belden, with recognition of mortgage and vendor's privilege upon a house and lot in the town of Houma, which were seized under *fieri facias* and advertised for sale. Meanwhile the defendant in execution died, and his succession was regularly opened. The plaintiffs caused notice of their proceedings to be served upon the representatives of the succession, and thereupon the sheriff offered the property for sale under the *fieri facias* and seizure issued and made prior to the death of Belden; and the plaintiffs, in the language of the petition in this proceeding, "bid in the same, but the sheriff refused to adjudicate the property to them because of the registry of an official bond of decedent as treasurer of the school fund for the parish of Terrebonne." Plaintiffs thereupon took this rule upon the sheriff, the administrator of Belden, and H. M. Johnson, parish recorder and also president of the school board, to show cause why the mortgage resulting from the registry of the before-mentioned treasurer's bond should not be canceled and erased so far as it bears on the property upon which they, the plaintiffs, claim their mortgage and vendor's privilege. He further prays for general relief.

Service was accepted by all the defendants, and Johnson alone answered, denying the plaintiffs' right to force an adjudication of the prop-

erty in question by reason of the death of Belden before the sale, averring that the matter belongs to the probate court, and praying that the rule be dismissed.

The mortgage and vendor's privilege were retained in the act of sale of the property, and were recorded according to law on the day of its execution, so that in a proper case the plaintiffs would be entitled to relief. We, however, know of no case, except under special statute, in which the sale of succession property is permitted under *fieri facias* issued upon judgment obtained *via ordinaria* against the deceased while the succession is under administration.

The death of the judgment debtor stays all such proceedings for the forced alienation of his property. See Legendre vs. McDonogh, 6 N. S. 514. There is an exception where the proceeding is *via executiva*. Resort must be had to the court of probates for the enforcement of ordinary judgments.

If there was no valid or legal sale the plaintiffs were not adjudicatees of the property and could not at the present stage maintain this proceeding to cancel the bond mortgage before sale. The property might bring more than their debt.

The judgment of the court below was correct, and is therefore affirmed with costs.