Morgan, Wife, vs. Lalanne.

No. 1094.

MARGARET E. MORGAN, WIFE, VS. DOMINIQUE LALANNE.

Defendant, having a judgment against Plaintiff, as heir of her father, for a certain sum of money, *to the extent of her interest in his succession*, cannot execute that judgment until Plaintiff's interest in her father's succession has been liquidated and ascertained.

Property of a succession cannot be seized by a writ of *fieri facias*.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth,* J.

John E. King for Plaintiff and Appellee.

Henry L. Garland for Defendant and Appellant.

First—A benificiary heir is required, after judgment against him, to show that the estate which he inherits is less than the amount claimed of him.

Second—After assets to sufficient amount to discharge the claim are shown to belong to estate inherited by him, the burden is on him to show liabilities of the estate.

The opinion of the Court was delivered by

LEVY, J.  The appellant, D. Lalanne, was evicted in suit No. 10,346 by judgment of 12th March, 1877, by one Daniel McDaniel, of certain property which he acquired in 1862 from David Morgan, of whom the plaintiff is the only heir, and of whose estate she is administratrix.  In the suit resulting in that judgment of eviction, Lalanne called plaintiff, appellee, in warranty as administratrix and as beneficiary heir of David Morgan, and there was judgment in his favor over and against her, in these words: " That defendant, Dominique Lalanne, do have judgment against his warrantor Margaret E. Morgan, wife of Benjamin Woodworth, as heir of David Morgan, deceased, and as his administratrix, to the extent of her interest in the estate of her father, said David Morgan, deceased, for and recover over against her thirteen hundred and thirty-three dollars and thirty-three cents, with interest thereon at eight per centum per annum from the date of this judgment, and the further sum of two hundred dollars, counsel fees." In April, 1879, Lalanne took out an execution against the plaintiff, and seized the property of the plaintiff which she had acquired at a succession sale of David Morgan.  Thereupon she sued out a writ of injunction, whereby the sale of the property seized was enjoined.  The grounds on which she seeks this injunction are : That the seizure is illegal, null and void, and the sale would be illegal and void, because the judgment in said suit is against her as heir of David Morgan, deceased, and as administratrix

of his estate, to the extent of her interest in the estate of her said father for $1333 33 with interest, etc., and for the further sum of $200, counsel fees ; that said· judgment cannot now be executed, because the estate of David Morgan is unsettled, and it cannot be determined what her interest as heir is in said estate, and that her interest therein will be very small if any, and she believes is insolvent and nothing will be coming to her as heir. Defendant, herein, in his answer, avers : That if the plaintiff is relievable of payment of a part or whole of said judgment, it was incumbent upon her to establish the fact within the time allowed to her ; that having neglected that duty within the time, she is debarred from doing so now, and is unconditionally bound ; that the property seized is a part of her inheritance as sole heir of David Morgan, and, if yet in the estate of David Morgan, would be sold to satisfy his debt, which is the debt of the plaintiff, his only heir ; and that she should not hold a property which comes to her directly from the estate of David Morgan and which she seeks by injunction to shield from pursuit of his and her creditor. Defendant prays for dissolution of the injunction, and for damages of ten and twenty per cent, and $100 as attorney's fees.

It appears from the record that the succession of David Morgan is still unsettled and is under administration by the appellee. The judgment is against her as heir, and as administratrix of the estate of David Morgan, for the sum of $1333 33, and $200, *to the extent of her interest in the estate of her* deceased father; *her* liability as heir is therefore limited by such interest, the judgment against her as administratrix, affects the estate of her father which may be in her hands and under her administrative control. To enforce the judgment against the succession the law points out the proper manner. If there is property of the succession remaining undisposed of, the creditor may obtain an order for its sale with the view to payment of its debts, and the administratrix may also be compelled to file an account and distribute the residue after payment of privileged debts among the creditors according to the rank of their claims. Only in the cases, specially provided by law, can specific property of a succession be seized by a mortgage creditor by executory process. As to the judgment against appellee, Margaret E. Morgan as heir, it is qualified and confined in its operation, " to the extent of her interest in the estate of her father David Morgan, deceased ;" it is not against her unconditionally, and before it can be executed as to her own property, the extent of this interest must be definitely ascertained. Her liability and responsibility under the judgment is limited to the amount which she may receive as heir. This liability is susceptible of being fixed. The judgment creditor can ascertain it by applying for an order of court whereby she can be required

to file her account of administration and thus show the amount which she has received, or to which she is entitled, as the sole heir in the succession, and his rights as judgment creditor can then be enforced against her both as administratrix and as beneficiary heir, as the condition of affairs may justify. If the effects of the succession have been disposed of, she is responsible for the proceeds, after payment of the debts of the succession on an account duly homologated, and the creditors may proceed against her, as administratrix, and her sureties on her bond as such, if she does not apply these proceeds properly, or he may proceed against her by the seizure of her own property to satisfy his judgment to the extent of the amount shown by the account to have fallen to her as heir, but only to that extent.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be affirmed with costs.