LECHE, J.
The facts in this ease are as follows: A judgment was rendered in favor of Mrs. M. L. Senkosky and against Mack Wellman on July 28, 1917; a motion for a new trial was filed by defendant on the same day, July 28, 1917; the judgment was signed on July 31, 1917; the motion for a new trial was overruled October 22, 1917; and on the same day, October 22, 1917, a motion was presented to the court praying for suspensive and devolutive appeals from said judgment. The trial judge refused to entertain the motion for a suspensive appeal, but granted that for a devolutive appeal. Thereupon the present relator after due notice to the parties presented to this court a petition praying for a writ of mandamus to compel the judge to grant him a suspensive appeal, and also praying for a writ of prohibition to prevent the execution of the judgment.
*663 The district judge answers the rule upon which he was ordered to show cause why the said writs should not be issued, by justifying his action as being in accordance with the decision of this court in the case of Britt v. Caldwell Lumber Company, 129 La. 243, 55 South. 778.
Opinion.
The decision in the Britt Case, upon which the trial court based its ruling, does absolutely cover and fit this case, and if it stood alone would unquestionably justify the conclusion reached by the respondent judge. That decision, however, has been in effect, if not expressly, overruled by a later decision (Mercer v. Natchez B. & S. Ry. Co., 136 La. 188, 66 South. 774), where it was held (quoting from the syllabus):
“A motion for new trial, filed within the legal delay, operates, until disposed of, as a bar to the signing of the judgment, of which it complains.”
If the motion for a new trial, which in this case, was filed within the delay, operated, until disposed of, on October 22, 1917, as a bar to the signing of the judgment, then the signing of the judgment, although done on July 31, 1917, must be considered premature and as becoming effective only on October 22, 1917, the date on which the motion for a new trial was disposed of, and therefore the motion for a suspensive appeal, filed that same) day, was in ample time and within ten days of the signing of the judgment.
This same question was presented in the case of Durbridge v. State, 117 La. 842, 42 South. 337, and it was there also held that the delay for an appeal only begins to run from the day that a motion for a new trial has been passed upon and refused.
There are several other decisions by this court which hold in effect that the premature signing of a judgment cannot affect the right to file a motion for a new trial or to obtain a ruling thereon when such motion is filed within three days of the rendition of such judgment. Rohn v. Jallans, 134 La. 913, 64 South. 829; Madere v. Alexandre, 126 La. 345, 52 South. 535; Teutonia Bank v. Heaslip, 138 La. 861, 70 South. 861. If, then, the right to move for a new trial is not affected by. the premature signing of a judgment, neither may the right of appeal which is of greater importance be affected by such premature signing.
It is evident that the word “signing,” as used in article 117 of the Constitution and in section 6 of Act No. 163 of 189S, does/not refer to a premature signing, but it means a signing which has become effective either by the failure to file a motion for a new trial, or by a ruling which refuses to grant a new trial, where such motion was filed within three days of the rendition of a judgment.
It is therefore ordered that the rule herein issued Be made absolute, and that the writs of mandamus and prohibition issue as prayed for.