No. ——.
First Circuit

## LOUISIANA STATE BOARD OF DENTISTRY v. ERNEST O'FLERTY

(January 28, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 69, 429, 518.**

Where the record is incomplete not showing sufficient facts to determine whether the Court of Appeal has appellate jurisdiction or the Supreme Court under Article VII, Section 10, Par. 4, of the Constitution of 1921, the appeal will be dismissed.

Appeal from St. Martin Parish, Hon. James Simon, Judge.

S. F. Gautier, of New Orleans, and B. A. Fournet, of Lafayette, attorneys for plaintiff.

Voorhis and Labbe, of St. Martinville, attorneys for defendant.

MOUTON, J. In this case plaintiff filed proceedings asking for an injunction to prohibit defendant from practicing dentistry.

The defendant filed an exception of no cause of action, and attacked the constitutionality of the acts on which these proceedings were brought.

The only ruling which appears on the minutes of the court below is: That the rule ni si· had been recalled and that the writ of injunction was denied.

In passing on this case in our original opinion, we said: "If the court maintained the exception of no cause of action, the judgment maintaining the exception should have been signed, otherwise the appeal was premature. H. P. Hicholls vs. Clara Maddox, 52 La. Ann. 496, 26 South. 994." This court did not know if the lower court had maintained the exception or not, but said if it had, the appeal was premature;

and under the decision cited above the only alternative would be the dismissal of the appeal, because a judgment maintaining such an exception is final, must be signed before an appeal will lie therefrom. State vs. Dalcour, 145 La. 1007, 83 South. 227; Wellman, State ex rel., vs. Bell, 142 La. 662, 77 South. 493. This court did not remand the case to have such a judgment signed, nunc pro tunc. After stating that such a judgment should have been signed, that otherwise it was premature, we said: "If the court maintained the plea of defendant that the acts invoked by plaintiff were unconstitutional, the Supreme Court and not this court would be vested with appellate jurisdiction in this case. Constitution of 1921, Article 7, Section 10, paragraph 4, p. 40." We then ordered the record returned to have the judge sign the judgment he had rendered in the case, the nature of which we had no knowledge, and. could gather none from the record. If the court had in reality denied the injunction on the ground that the act or acts upon which it had been issued was or were unconstitutional, upon a judgment so declaring returned here under the order issued by us, instead of having to dismiss the appeal, we would have transferred it to the Supreme Court, the proper court for which such appeals, as provided for when appeal are taken to the wrong court. See Act 56, 1904, as amended by Act 19, 1912.

Under the record as returned, we can not order such a transfer, and must dismiss the appeal, and it is so ordered at the cost of appellant.

In my opinion this appeal should have been dismissed at first and I therefore concur in the above decree.

(Signed) PAUL LECHE,
Judge.

---

I dissent from the judgment dismissing this appeal for the reason that the first

appeal was sent back with instructions that the judgment appealed from be signed. It was sent back and signed and returned and our action is final.

This appeal should not be dismissed by us. The appeal should be decided on the question before us.

(Signed) CLAY ELLIOTT,
Judge.