SUCCESSION OF WILLIAMS v. LAND DEVELOPMENT COMPANY, Appellant

(February 15, 1926. Opinion and Decree.)
(March 15, 1926. Rehearing Refused.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Execution—Par. 25— Executors and Administrators—Par. 326.**

   A judgment creditor of a succession under administration has no right to issue a writ of fieri facias against the succession and to seize and sell its property under said writ.

2. **Louisiana Digest—Executors and Administrators—Par. 230, 260.**

   The executor is without right by his consent to give validity to a sale made under such a writ.

Appeal from Civil District Court, Division "E", Hon. Wm. H. Byrnes, Jr., Judge.

Action by succession of Emma Williams, widow of Jonas V. Martin, against Land Development Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. R. Richardson, of New Orleans, attorney for plaintiff, appellee.

Theo Cotonio, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The facts of this case are related in the opinion of this Court rendered June 19, 1922, in suits Nos. 8282-8464 consolidated.

Succinctly stated, they are as follows:

The present plaintiff, the succession of Williams, sued the present defendant, the Land Development Company, to annul a tax sale to it of certain property owned by Emma Williams. There was judgment in 1920 in favor of the succession of Williams annulling the tax sale, and in favor of the Land Development Company against the succession of Williams for the price paid by the company at the tax sale and for all other taxes paid by it (Flanagan vs. Land Development Company of Louisiana, 145 La. 843, 83 South. 39), amounting to $1,371.73, reserving "the right of both plaintiff and defendant to sue upon all other claims and counterclaims."

By consent of the administrator of the succession a rule was made absolute ordering a fieri facias to issue against the succession to pay the amount of that judgment. The writ issued November 17, 1919. The property was sold for a price insufficient to satisfy the writ, leaving a balance unpaid of $171.73.

Thereupon Flanagan, administrator of the succession of Emma Williams, filed suit against the Land Company to recover from it the rents and revenues of the property collected by the Land Development Company during its possession of the property alleged to amount to $2,970 under No. 131,319 of the Civil District Court. The Land Company then issued an alias fi fa against the succession to satisfy the balance of its claim of $171.73, and caused to

be seized all the rights, title and interest of the succession of Williams in its suit, 131,319, against the Land Company.

Thereupon on March 18, 1921, the executor of the succession of Emma Williams enjoined the execution of the writ. He alleged all the facts above and further alleged "that the property under seizure under said writ of alias fieri facias was the property of the succession under administration in this court, and that the property of the succession could not be seized under such a writ, nor could the orderly administration of a succession under administration be thus interfered with or taken away from the hands of an officer of the court appointed to administer same," and that the act of seizing the claim was a palpable attempt of the Land Company to defeat the collection of the debt due by it. The executor prayed that the Land Company and the Sheriff be forever enjoined from proceeding under the writ of fieri facias and from advertising or selling the right, title and interest of the succession of Williams in its suit against the Land Company, No. 131,319.

For answer the Land Company averred that the succession of Williams acquiesced in the execution of the judgment in favor of the Land Company and made no opposition to the original writ of fieri facias, that the alias writ is merely ancillary to the original writ, and that the succession was now estopped from contesting the right to issue the alias writ.

There was judgment March 20, 1924, in favor of the succession of Williams, perpetually enjoining the execution of the writ of alias fieri facias.

The Land Company appealed.

The case has been submitted in this court without brief or argument on either side.

We see no error in the judgment.

It has been decided that no execution or writ of fieri facias can issue against a succession and that its property must be sold in the succession, C. P. 924, S. 5-13-983, Bertin vs. Phillips, 1 La. Ann. 173; Pooley, Nichols and Company vs. Snow, 12 La. Ann. 814; McCoy vs. Sanson-Estate of Carasco, 13 La. Ann. 456; State vs. Judge of Second District Court, 21 La. Ann. 44; Levy and Sugar vs. Cowan and Mayo, 27 La. Ann. 556; Hall and Lisle vs. Belden, 29 La. Ann. 118; Morgan vs. LaLanne, 32 La. Ann. 1301; Fontelieu vs. Fontelieu, 116 La. 882, 41 South. 120; Succession of Irwin, 33 La. Ann. 65.

The District Court has no jurisdiction to issue a writ of fi fa against property belonging to a succession under administration. Houston vs. Childers, 24 La. Ann. 472; Succession of Patrick, 25 A. 154.

"Nothing is better settled than that succession property cannot be sold under a writ of fi fa." Levy vs. Lehman, 38 La. Ann. 9, quoting Bertin vs. Phillips, 1 A. 173; Williams, Jr., vs. Hunter, 13 A. 476, and Succession of Patrick, 25 A. 154.

In State ex rel. Gasson, 21 La. Ann. 43, the Court said, on page 44:

"A judgment recognizing a claim against a succession has generally no greater force in law than an acknowledgment of the claims by an executor or administrator. C. P. 985, 986. In either case the creditor can only obtain the payment of it concurrently with the other creditors." C. P. 986, 1054.

"Whether a claim against a succession is recognized judicially in a direct action, or by opposition to a tableau of distribution, Succession of McCalop, 10 La. Ann. 224, in either event, whatever may be the amount of a creditor's judgment, he can only recover on it such amount as may be

awarded to him in such tableau when duly homologated," quoted in Simpson vs. Buckley, 140 La. 599, 73 South. 691, Succession of Irwin, 33 La. Ann. 65.

"It is to be observed from the foregoing decisions that it had been repeatedly held, as contended by the plaintiff's counsel, that a creditor holding a judgment against a succession under adminstration has no right to have the property of the succession seized and sold under a writ of fieri facias, but must obtain an order of Court to sell the property to pay the debts of the succession in the ordinary course of administration."

"That rule being largely to maintain an orderly and equitable administration of succession, etc." Simpson vs. Bulkley, 140 La. 602, 73 South. 691.

The executor is without right, by his consent, to give validity to a sale made under such a writ; therefore he is not estopped by any previous consent he may have given. Bertin vs. Philips, 1 La. Ann. 173; Houston vs. Childers, 24 La. Ann. 472; Hall and Lisle vs. Belden, 29 La. Ann. 118.

Judgment affirmed.