The judgment appealed from is therefore affirmed.

(126 So. 500)

### CASPARI v. OSBORNE et al.

#### No. 30398.

#### Feb. 3, 1930.

J. G. Dempsey, Jr., of New Orleans, for appellants.

C. J. Ellis, Jr., of Rayville, for appellee.

#### On Motion to Dismiss.

THOMPSON, J.

The plaintiff, appellee, moves to dismiss the appeal taken by the defendants on the ground that it was asked and obtained more than one year after the judgment had been signed.

The judgment was rendered by default and was signed on September 27, 1928. No suspensive appeal was asked for, and after the delays for such an appeal had expired, the judgment was executed.

On October 15, 1929, the defendants applied for and obtained an order for a devolutive appeal returnable to this court on December 15, 1929. The application and order for the appeal was not filed until November 2, 1929, and the appeal bond was not filed until November 15, 1929.

It appears therefore that the order of appeal was obtained and the appeal bond filed more than a year after the judgment was signed.

It is urged in opposition to the motion to dismiss that the delay for a devolutive appeal begins to run, not from the day the judgment was signed, but from the date of the ad-

journment of the term of the court at which the judgment was signed.

In support of this contention counsel cite article 555, Code of Practice, which declares that all judgments shall have effect only from the last day of the term, whatever may be the day on which the judgment shall have been signed.

Article 575 of the Code of Practice also provides that in the country parishes no execution shall issue in cases where an appeal lies, until ten days after the adjournment of the court by which the judgment was rendered, within which delay a party may take a suspensive appeal.

Article 593 of the Code of Practice provides that no appeal will lie, except as regards minors, after a year has expired, to be computed from the day on which the final judgment was rendered (signed) if the party claiming the same reside in the state, and after two years if he be absent therefrom.

It will be observed that the two articles first cited expressly declare that the delay for a suspensive appeal begins to run from the date of the adjournment of the term at which the judgment was rendered, whereas the last-cited article provides that no appeal whatever lies unless obtained within one year from the day on which the final judgment was rendered (signed).

It would seem therefore that while a judgment (appealable) could not be executed until ten days after the adjournment of the court within which time a suspensive appeal could be taken, that delay, as well as the time intervening between the date of signing the judgment and the adjournment of the term of court, is to be included in computing the year in which a devolutive appeal could be obtained.

There is no conflict which would prevent effect being given to all three of the articles.

There is no inconsistency in saying that a judgment shall not have effect until ten days after adjournment of the court for the term at which it was signed during which time a suspensive appeal may be taken as declared in articles 555 and 575 of the Code of Practice, and to say that the year for a devolutive appeal is to run from the date of signing the judgment as declared in article 593.

It was perfectly competent for the lawmaker to fix a different time and date for the commencement of the delay in which the two appeals could be taken.

The decisions of the court have not been altogether uniform in fixing the date at which the year for taking a devolutive appeal begins to run.

Thus in Philips v. Her creditors, 37 La. Ann. 701, it was held that the year allowed for taking a devolutive appeal did not begin to run in the country parishes from the signature of the judgment during the term, but only from the end of the term.

On the other hand, in the case of People's Bank v. Arceneaux, 134 La. 292, 64 So. 116, it was held that where a bond for a devolutive appeal is filed more than one year after the judgment has been signed, the right of appeal has expired and the appeal will be dismissed.

It is to be noted that the decision in the Philips Case was rendered in 1885, prior to the adoption of the Constitution of 1898.

At that time a number of different terms of court were held in the various parishes, each term usually being of short duration and these terms were fixed by the respective judges.

It was appropriate therefore to hold under articles 555 and 575 that the delay for an appeal began to run from the adjournment of the term of court at which the judgment was rendered.

The Constitution of 1898 provided for a continuous session of the district courts for a period of ten months in each year.

In Ryland v. Harve M. Wheeler Lumber Co., 146 La. 788, 84 So. 55, it was held that the continuous sessions as provided for in article 117 Constitution of 1898 was equivalent to the "term" as used in the articles of the Code of Practice. See also Bass v. Lane, ante, p. 681, 125 So. 853.

It is apparent therefore that the articles of the Code of Practice which provide that the delay for taking an appeal shall begin to run from the adjournment of the term of court at which the judgment was signed and the decisions of the court so interpreting said articles are no longer applicable. The articles and the jurisprudence are superseded by the provision of the Constitution referred to. There can be no adjournment of a term of court within the meaning of the codal articles. The only adjournment of the "term" is at the end of the ten months' session.

It would present an unusual situation, and one never contemplated, to hold that the delay for a devolutive appeal from a judgment signed in the first month of the ten months' session only begins to run from the adjournment of the ten months' term or session.

Article 117 of the Constitution of 1898 declares that, until otherwise provided by law, judgments shall be signed after three days from the rendition thereof, and become executory ten days from such signing.

This provision does not appear in the Constitution of 1921, but Act 163 of 1898, which was passed to carry out the provisions of article 117 of the Constitution of 1898, was not superseded or repealed by the later Constitution and is still in effect.

Section 5 of that act provides that all judgments rendered by the district courts shall be signed within three judicial days from the date of the rendition of such judgments, and section 6 of the act declares that all judgments shall become executory ten days, exclusive of Sundays, after being signed by the judge (if not signed prematurely), and that any person aggrieved by the judgment may suspend the execution thereof by obtaining an order of appeal and furnishing bond, etc., within the delay thus allowed. See also Act 40 of 1904.

There is nothing in the Constitution of 1921, nor in the Act 163 of 1898 and Act 40 of 1904, which in any manner supersedes or affects article 593 of the Code of Practice which declares that no appeal will lie after a year has expired, to be computed from the day on which the final judgment was rendered (signed).

It must be held therefore that the delay in which a party is allowed to take either a suspensive or devolutive appeal is to be computed from the day the judgment is signed if signed after three judicial days from the rendition of the judgment.

The order of appeal herein having been made and the bond having been filed more than a year after the judgment was signed, it is manifest that the appeal must be dismissed, and it is so ordered.