OVERTON, X
 

 (dissenting).
 

 If this proceeding had been one via executiva, it would be a matter of no difficulty to concur in the opinion of. the majority in this case, for it is well established by a ju
 
 *733
 
 risprudenee commencing almost at the beginning that, in proceedings via executiva, property in the hands of a succession may be seized and sold in the foreclosure of a mortgage, authorizing a proceeding by that method. However, the proceeding in this case, although it commenced as one via executiva, did not continue as such, but was converted, no matter for what reason, into one via ordinaria. When the judgment in that ease was obtained, the sole effect of the judgment, under the law. so far as relates to realizing upon it, was to give sanction to its payment in due course of the administration of the succession of Tooms.
 

 That a judgment obtained in a proceeding via ordinaria against a succession, although the judgment recognizes, and orders the enforcement of, a mortgage, cannot be enforced otherwise than in due course of administration of the succession, and not by a writ oi' fieri facias or an order of seizure and sale, was held in Hall & Lisle v. Belden, 29 La. Ann. 118. This case was cited with approval in the Succession of Irwin, 33 La. Ann. 65, and in Fontelieu v. Fontelieu, 116 La. 882, 41 So. 120, 126. The decision was fully considered, and not criticized, in Simpson v. Bulkley, 140 La. 589, 596, 597, 73 So. 691, L. R. A. 1917C, 494. The principles stated in it, so far as my knowledge extends, have been quite generally followed by the profession. The Legislature has adhered to the same general principles, for, when it was deemed advisable to take out of the hands of a legal functionary the administration of mortgaged property, this was done by enacting legislation authorizing that course, such, for instance, as the legislation authorizing proceedings via executiva against receivers.
 

 In dissenting in the present case I wish to be understood as attaching no importance to the form of the writ that issued in this ease, or whether one issued at all, but rest my opinion squarely upon the fact that there was no authority in law, to withdraw the property from the succession, to foreclose the mortgage.
 

 I fear that the opinion of the majority in this ease will serve as precedent to withdraw property from successions wherever the creditor has a judgment recognizing and ordering the enforcement of a privilege or mortgage against particular property thereof.
 

 In my opinion the defect in the sale in this ease is too radical to be cured by the prescription of five years.
 

 For these reasons, I respectfully dissent.