The purpose of this suit is to recover for the Succession of D.R. McWilliams an undivided one-third interest in and to a 320 acre tract of land located in Sabine Parish, Louisiana, allegedly owned by it and described as the West Half (W 1/2) of Section 30, Township 10 North, Range 11 West.
There was a judgment rendered rejecting the demands of the succession's administratrix, who initiated the proceeding, but reserving to her "the right to proceed by appropriate action by whatever legal remedies the law allows"; and from it she appeals.
D.R. McWilliams died during or about the year 1930 possessed of and owning, as his separate property, the mentioned undivided one-third interest. His co-owners were a sister, Mrs. Clare M. Butler, and a brother, W.S. McWilliams, each owning a one-third interest in the entire tract, both of whom are non-residents of the State of Louisiana.
Surviving decedent, besides the said sister and brother, are his minor children and sole heirs at law, John Ford McWilliams and David R. McWilliams, and also his widow, all of whom are residents of Caddo Parish, Louisiana. The widow, who has since remarried and is now Mrs. Geraldine McWilliams Lacaze, qualified and was appointed on September 29, 1930, as administratrix of his succession, in proceedings conducted in the First District Court of Caddo Parish.
On December 28, 1933, T.W. Hardee, Sr., instituted a suit in the Eleventh District Court of Sabine Parish, numbered 11,968 on the docket thereof, against the named non-residents and also the named minor children of decedent. It was alleged in his petition that on April 24, 1931, he advanced to those absentees and minors the sum of $127.58 for the purpose of paying taxes on the above described 320 acre tract; and that subsequently he paid the taxes on said property, amounting additionally to $182.04, and holds recorded tax subrogations therefor. He prayed for judgment against the mentioned persons for the total sum of $309.62, with interest, and for costs of the suit, "with full recognition and maintenance of petitioner's said lien and privilege on the above described property, resulting from the said tax subrogations above described." *Page 721 
A curator ad hoc was appointed to represent the absentees, as prayed for; and as to them a writ of attachment issued. For the minors, there was named a tutor ad hoc residing in Sabine Parish, through whom they were sought to be cited.
In said suit No. 11,968, judgment was rendered on confirmation of default. Its decretal portion reads:
"It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, T.W. Hardee, and against the defendants, W.S. McWilliams, Mrs. Clare Butler, John Ford McWilliams, and David R. McWilliams, in the full sum of Three Hundred Nine and 62/100 ($309.62) Dollars with 8% per annum interest on $127.58 thereof from April 24, 1931, until paid and 8% per annum interest on $101.01 thereof, from April 27, 1931, until paid and 8% per annum interest on $81.03 thereof, from September 18, 1933, until paid and all cost of this suit.
"It is further ordered, adjudged and decreed, that the writ of attachment issued herein, be maintained with cost and that plaintiff's lien and privilege resulting from said attachment be recognized and enforced; that the property seized herein be sold according to law and that this judgment be paid out of the proceeds of said sale, by preference and priority over all other persons whomsoever."
It is to be noted that no recognition is therein given to the claimed lien and privilege resulting from the alleged tax subrogations. Hence, the demands with respect thereto must be held to have been rejected.
A writ of fieri facias issued subsequently to the Sheriff of Sabine Parish, commanding him to obtain satisfaction of said judgment by the seizure and sale of the property of the four judgment debtors.
In the notices of seizure addressed to the respective minors by the sheriff and served on the tutor ad hoc appointed for them, it was announced that he had seized and would advertise for sale "all rights, title and interest of W.S. McWilliams and Mrs. Clare M. Butler in and to" the described 320 acre tract of land. The interest assertedly owned therein by the minors was not mentioned.
At a sheriff's sale held on March 31, 1934, by virtue of the writ of fieri facias, the entire tract was adjudicated, as being the property of the named four judgment debtors, to the judgment creditor, T.W. Hardee, Sr. A deed of date April 2, 1934, evidenced the adjudication.
During the period from March 4, 1935, to December 30, 1937, both dates inclusive, Mr. Hardee executed conveyance instruments, affecting all of the land, in favor of Clarence F. Graves, W.J. Graves, Robert Wiggins, Hugh M. Hardee and T.W. Hardee, Jr. To each of these grantees, there was recited the transfer of a designated portion of the property. The grantor, however, reserved in one of the acts all of the oil, gas and minerals in and under the land affected by it.
On May 27, 1938, the instant action, which was originally petitory in nature, was instituted by Mrs. Geraldine McWilliams Lacaze, in her capacity as administratrix of the Succession of D.R. McWilliams deceased, in the Eleventh District Court of Sabine Parish.
She alleges, in the initial petition, ownership by the succession of an undivided one-third interest in the 320 acre tract, tracing title thereto back to the United States Government; and she further alleges that T.W. Hardee, Sr., and his named grantees "are in possession of the said property and claiming to be the owners thereof, and are refusing to recognize the Succession of D.R. McWilliams as the owner of its one-third interest therein, or to deliver the said one-third interest therein unto your petitioner for the purpose of administration despite amicable demand therefor." The prayer is for service of citation on the alleged possessors and for judgment against them recognizing the succession as being the owner of said undivided one-third interest, and putting her, as administratrix, in possession thereof.
The suit in no manner affects the remaining undivided two-thirds interest that belonged to the non-residents, Mrs. Clare M. Butler and W.S. McWilliams.
Those made defendants were duly cited; and thereafter they pleaded, through appropriate exceptions, that the petition does not disclose a cause of action against them and that the plaintiff is without right or authority to stand in judgment herein. Also they excepted to the petition as being vague and indefinite, "in that it does not disclose by what right or in what way, or by what title defendants are alleged to claim ownership of said property." *Page 722 
The trial court overruled the exception to plaintiff's capacity to stand in judgment, and it has since been abandoned; but the exceptions of no cause of action and of vagueness were sustained and plaintiff was granted the right to amend her petition.
A supplemental and amended petition followed, in which plaintiff adopted all of her originally made allegations; and then she alleged, on information and belief, that defendants are claiming to own the said property under the aforementioned sheriff's deed in favor of T.W. Hardee, Sr., of date April 2, 1934, and under the described several conveyance acts which Mr. Hardee executed.
Also in the second petition she showed as follows:
"And now your petitioner, anticipating that the defendants will rely upon the validity of the said sheriff's deed, as the basis of their titles and rights to said property, avers that the said sheriff's deed hereinabove described is null and void for the following causes and reasons, to-wit:
"1. That the judgment in said suit No. 11,968, under which the said writ of fieri facias was issued and under which the said sheriff's sale was made was and is null and void in so far as the undivided one-third (1/3) interest herein sued upon was concerned, for the following causes and reasons:
* * *
"(c) That the domicile of the said two minors was with your petitioner, their mother, in Shreveport, Caddo Parish, Louisiana.
"(d) That this Honorable Court was without jurisdiction over the persons of the said two minors and was without jurisdiction or authority in law to render a personal judgment against them.
"(e) That this Honorable Court was without authority or jurisdiction to appoint a Tutor ad Hoc for said two minors in said case to represent or defend the said suit for them or on their behalf, and that the appointment of said tutor ad hoc to represent them in said suit was null and void.
"(f) That said minors were never legally served with said suit nor cited to appear and answer the same and did not appear in said suit or plead thereto, legally or otherwise.
"2. That in the alternative and in the event the said judgment is held not to be void for any of said reasons, then the said sale by the sheriff to the said T.W. Hardee under said writ in said suit was and is null and void for the following reasons:
"(a) That the undivided one-third (1/3) interest in and to said property which belonged to the said D.R. McWilliams, at the time of his death constituted a part of his succession or estate which was then and still is under administration in the First Judicial District Court in Caddo Parish, Louisiana, and was not subject to seizure and sale under said judgment as belonging to the said John Ford McWilliams and David R. McWilliams, minor children of D.R. McWilliams, deceased.
"(b) That the said Sheriff of Sabine Parish did not seize or take into his official custody under the said writ of fieri facias all or any part of the undivided one-third (1/3) interest in said property as belonging to the succession of D.R. McWilliams, deceased, but only seized the undivided two-thirds (2/3) interest in said property as belonging to W.S. McWilliams and Clare M. Butler, under said writ, all of which is fully shown by the official written return made by the said sheriff on said writ."
An exception of misjoinder of parties defendant, filed by T.W. Hardee, Sr., was overruled; while exceptions of no cause of action tendered to both petitions by all defendants were referred to the merits of the case.
Defendants then answered admitting that they were claiming title to the contested interest, as alleged by plaintiff in her supplemental and amended petition, under the mentioned judicial sale and the deeds executed by T.W. Hardee, Sr., and further admitting that they are in possession of the respective portions of the land that they assertedly own.
The case was tried on stipulations or agreements of counsel and on pertinent documentary evidence offered and filed; and then submitted for decision. Following the submission, defendants offered pleas of prescription of one and two years.
As announced in the beginning of this opinion, the court's judgment on the merits decreed a dismissal of the suit with reservation to plaintiff to institute another action. It also overruled the pleas of prescription.
Defendants, who are appellees, have moved in this court a dismissal of plaintiff's *Page 723 
devolutive appeal, urging that it was not timely perfected.
The judgment recites that it was read, rendered and signed on September 22, 1939. Both the petition for the devolutive appeal, which bears an acknowledgment of service and the court's order, and the required appeal bond are marked filed on September 24, 1940.
According to Code of Practice Article 593, "no appeal will lie, except as regards minors, after a year has expired, to be computed from the day on which the final judgment was rendered, if the party claiming the same reside in the State * * *." The mentioned computation, under the jurisprudence interpreting that codal provision, dates from the judgment's signing. Orleans J. Railway Company, Ltd., v. International Construction Company et al., 113 La. 409, 37 So. 10; Succession of Dahm, 166 La. 774,117 So. 826; Caspari v. Osborne et al., 169 La. 983, 126 So. 500.
It has been held that by virtue of the provisions of Section 5 of Act 163 of 1898, as amended by Act 40 of 1904, "a judgment signed within three days after it is rendered is signed `prematurely,' in the sense that it does not become effective until the three days have expired, or until the application for a new trial has been denied, if one has been filed subsequent to the signing of the judgment but within the three days after it was rendered." Saint v. Allen, 169 La. 1046, 126 So. 548, 550, citing State ex rel. Wellman v. Bell, Judge, 142 La. 662, 77 So. 493, and Ryland v. Harve M. Wheeler Lumber Company, 146 La. 787, 84 So. 55. In other words, the mentioned statutory provisions contemplate that a judgment shall not become legally effective until the expiration of three days after its rendition, or until an application for a new trial filed within the three days has been denied, even though it has been signed during that period; and for the purpose of appeal, the judgment is treated as signed as of its effective date. Haas v. Buck, 182 La. 566, 162 So. 181, citing Saint v. Allen, supra.
In the instant case, there was filed no motion for a new trial; hence, the judgment became effective and is to be considered as having been signed at the expiration of three days following its rendition on September 22, 1939. And the record discloses that all requisites for the devolutive appeal were satisfied on September 24, 1940, this being within one year from the judgment's effective signing. Consequently, the motion to dismiss must be and is overruled.
Defendants, under their exceptions of no cause of action directed to the allegations of the original and supplemental petitions, contend that plaintiff is making a collateral attack on the described judgment obtained by T.W. Hardee, Sr., and on the judicial sale held thereunder, and they argue that the method employed is reprobated by the jurisprudence of this state. In her original petition, plaintiff did not directly assail the titles of defendants. The action resorted to in the beginning, and which she satisfactorily pleaded, was purely and wholly petitory. However, at the request and insistence of defendants, urged through their exceptions of vagueness and of no cause of action which the trial court sustained, she was compelled to and did amend her petition; and by way of the amending pleadings she cumulated a direct action of nullity with the existing petitory action.
A joinder of the two actions is permissible, as appears from the following extract found in Reid et al. v. Federal Land Bank of New Orleans, 193 La. 1017, 192 So. 688, 690:
"An action to annul a judicial sale may partake of the nature of a petitory action, but it is not a petitory action. It is a separate suit which, however, plaintiff, at his risk, may cumulate with a petitory action. Vinton Oil Sulphur Company v. Gray, 135 La. 1049, 66 So. 357; Strong v. Haynes, 152 La. 695, 94 So. 322; Winsor v. Taylor, supra [167 La. 169, 118 So. 876].
"In proceedings containing informalities and irregularities which render the title voidable but not absolutely void, the transfer made therein cannot be set aside in a petitory action against a third possessor, who was not a party to the transaction. The only remedy in such a case is by a direct action of nullity against the parties to the transaction. Richardson v. McDonald, 139 La. 651, 71 So. 934; Gandy v. Caldwell,169 La. 870, 126 So. 221; Long v. Chailan, 187 La. 507, 175 So. 42.
"It seems to be clear from those decisions, and from others that might be cited, that the proper way to obtain the annulment of a judicial sale is by means of a direct action against the party provoking the sale and the adjudicatee at the sale, but *Page 724 
that if plaintiff is willing to assume the risk of taking nothing by his action, he may treat the sale as an absolute nullity and bring a petitory action against the possessor, or he may, by making all parties in interest parties to the suit, cumulate the action of nullity with a petitory action. But while our jurisprudence permits, it does not require that the action of nullity and the petitory action must be cumulated."
Therefore, if plaintiff is required to make a direct attack as defendants contend, there has been a compliance with the requirement. Such an attack is made in and by virtue of the amended and supplemental petition; and all parties in interest, including the foreclosing creditor who was also the adjudicatee at the judicial sale, are parties to this suit. However, in view of our hereinafter announced holding on the merits, which is that the judicial sale affecting the disputed undivided one-third interest was absolutely void, the petitory action alone would have sufficed. The exceptions of no cause of action, consequently, are without merit.
In his efforts to obtain reimbursement for the taxes paid, Mr. Hardee did not resort to the procedure outlined in Paragraph 7 of Section 89 of Act 170 of 1898, as last amended by Act 228 of 1932, the provisions of which relate to the exercising of rights of tax subrogation. Instead, he proceeded by way of an ordinary action; and, as against decedent's minor children and in so far as this litigation is concerned, he obtained only a personal judgment. As above pointed out, no lien or privilege affecting the disputed property interest, resulting either from the tax subrogations or otherwise, was recognized therein.
It is the settled law of this state that a judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Schulhoefer v. City of New Orleans, 40 La. Ann. 512, 4 So. 494.
Even if it be conceded that the personal judgment so obtained against the minors was valid, and we seriously and strongly doubt its validity for reasons pertaining to the court's jurisdiction, clearly the judicial sale of such undivided one-third interest, effected under a writ of fieri facias granted pursuant to the judgment's authority, was null and void.
The estate of decedent D.R. McWilliams, of which the adjudicated interest was a part, was at the time of the discussed seizure and sale undergoing the process of administration. It is true that the named two minors were his sole heirs at law; but they had not accepted the succession unconditionally. In fact, by operation of law, there had occurred for them an acceptance with the benefit of inventory. Civil Code, Article 977. Consequently, the property did not belong to them, but was a succession asset. They were entitled only to the residuum following completion of the administration. Self v. Morris, 7 Rob. 24; Succession of Ogden, 10 Rob. 457; Arthur v. Cochran, 12 Rob. 41; Andat v. Gilly, 12 Rob. 323. Civil Code, Article 1058. And as provided in Civil Code, Article 2452, the sale of a thing belonging to another, such as here occurred, is null.
Of course, an heir's undivided share in a succession may be seized and sold under execution; but the proceeding must concern the whole of his rights in the succession, subject to the charges with which they are burdened, and not a specific part of the property by him inherited. Mayo v. Stroud, 12 Rob. 105.
Furthermore, property belonging to a succession under administration cannot be sold under a writ of fieri facias, except in certain cases of which this is not one, the creditor being relegated to the administration proceedings for payment of his claim. This general rule is primarily in the interest of maintaining an orderly and equitable administration of successions. Fontelieu v. Fontelieu, 116 La. 866, 41 So. 120; Succession of Simpson v. Bulkley, 140 La. 589, 73 So. 691, L.R.A.1917C, 494; Creston Lumber Company v. Estate of Cockerham, Jr., 2 La.App. 29; Succession of Williams v. Land Development Company, 3 La.App. 737; and the cases cited in these authorities.
The attacked judicial sale being an absolute nullity, defendants' pleas of prescription of one and two years are groundless. Buillard v. Davis et al., 185 La. 255, 169 So. 78; Dickey v. Pollock, La. App., 183 So. 48.
Therefore, for the reasons above assigned, the judgment of the district court is reversed and set aside, and there is now *Page 725 
judgment in favor of plaintiff and against the defendants recognizing the Succession of D.R. McWilliams as being the owner of an undivided one-third interest in and to the West Half (W 1/2) of Section 30, Township 10 North, Range 11 West, Sabine Parish, Louisiana, containing 320 acres, more or less, and sending and putting plaintiff, as administratrix of said succession, in possession thereof. There is reserved to defendant T.W. Hardee, Sr., the right to proceed by appropriate action for the recovery of such amounts as may be due him by the succession of D.R. McWilliams, its administratrix, or the named minors.
Costs of both courts shall be paid by defendants.
 On Application to Reconsider Denial of Rehearing.