ELLIS, Judge.
Plaintiffs sued Edward Beckendorf and "his alleged insurance carrier for personal injuries and property damages suffered by them as the result of an automobile collision which occurred on the 19th day of December, 1946 at about 12:00 o’clock noon, on U. S. Highway 51 in the Town of Ponchatoula, Louisiana, and near , a place ¡of business in said town known as “Max’s Blue Room.”
The Western Casualty and Surety Company filed an intervention in which it alleged that it wrote an insurance policy in favor of plaintiff Bencaz upon the 1946 Plymouth Sedan which was owned and being driven by the said Bencaz at the time of the collision referred to, and under the provisions of the policy it had paid to Ben-caz $400.00 and had secured a subrogation for this amount, and, therefore, prayed for judgment against the defendants in solido for said amount.
To the petition of intervention the defendant insurance company filed an exception of no right of action and, alternatively, no cause of action. The defendant, Beck-endorf, filed an exception of misjoinder of parties plaintiff, misjoinder of causes of action, as well as one of lis pendens.
The defendants filed answer on May 9, 1949 denying the material allegations of plaintiffs’ petition and further answered that the defendant insurance company had issued an insurance policy on a truck owned by defendant Beckendorf which insured him only against any loss or losses chargeable by third persons against him as the result of the operation of said truck and the said truck only, and on the day of the accident he was driving a Ford car not covered by the policy and further specially plead contributory negligence on the part of the plaintiffs.
On May 23, 1949 the defendant insurance company filed a plea of res judicata on the following grounds: .
“That in the matter entitled ‘Iowa Mutual Liability Insurance Company, a corporation, versus Edward Beckendorf, Leslie B. Ben-caz, Ernest S. Davis, and Ernest E. Davis,’[1] No. 1994, Civil Action, of the United States District Court for the Eastern District of Louisiana, New Orleans Division, on May 20th, 1949, the Court rendered and signed a judgment in accordance with an order entered on May 11th, 1949, in favor of Iowa Mutual Liability Insurance Company, plaintiff in that .action, for a declaratory judgment; that said judgment ordered, adjudged and decreed that no coverage or liability to Iowa Mutual Liability Insurance. Company exists under automobile Policy No. 190319, issued by said Iowa Mutual Liability Insurance Company to Edward Beckendorf, for an accident which occurred on or about December 19th, 1946j while said Edward Beckendorf was driving a Ford automobile; that Iowa Mutual Liability Insurance Company is under no duty or obligation to appear or to defend any action, claim or suit on behalf of Leslie B. Bencaz, Ernest S. Davis and/or Ernest E. Davis, or to assume any liability for the acts or omissions of said Edward Becken-dorf while driving said Ford automobile that none of the defendants herein, Edward Beckendorf, Leslie B. Bencaz, Ernest S. Davis and Ernest E. Davis, has any right, basis or cause of action under said policy as against plaintiff, Iowa Mutual Liability Insurance Company; that the present action is founded on the causes of action that gave rise to said declaratory judgment; that the said declaratory judgment is a final judgment; that a true copy of said *536 judgment is attached hereto and made a part hereof;”
The exceptions were referred to the merits and the plea of res judicata was overruled.
The case was tried and resulted in a judgment as prayed for, in favor of the plaintiffs, Leslie B. Bencaz, Ernest E. Davis, and Ernest S. Davis.
Prior to the beginning of the trial it was agreed between the plaintiffs and defendants and the intervenor, subject to the reservation of all rights of all the parties to the'Suit, that any judgment rendered in the case' for property damages resulting to the automobile of Mr. Bencaz shall be in favor of Mr. Bencaz to the extent of l/9th thereof and in favor of the Western Casualty and Insurance Company to the extent of 8/9th thereof. Despite this agreement there is no judgment for or against the intervenor and they are not even mentioned in the judgment. Therefore, in effect their demands have been refused.
The. judgment was signed on June .30, 1949 and Court went into vacation on July 1, 1949. No appeal was taken by the defendant Edward Beckendorf. The defendant insurance company by petition and citation prayed for an order of suspensive and devolutive appeal and also prayed for service and citation upon Leslie Bencaz, Ernest S. Davis and Ernest E. Davis, the only parties named in the judgment. On the day that the case was argued in this Court counsel for plaintiffs and the defendant insurance company and the intervenor entered into the same stipulation as previously in the District Court, that any judgment in favor of Bencaz for any damages to his automobile shall be-rendered in favor of Bencaz for l/9th and in favor of the intervenor for 8/9th thereof.
Counsel for intervenor,' despite the fact that there is no judgment in their favor and they have not appealed, filed a motion to dismiss the appeal on the ground that judgment'was rendered on June 30, 1949, which was' the' last day of the term of the Twenty-first Judicial District Court, and that the appeal was by motion signed July 18, 1949 which was more than ten days, exclusive of Sunday, after the judgment, and second, that no, citation of in-tervenor was prayed for or served and, •therefore, the intervenor is not before the Court although a necessary party to the decision herein. Even if they had the right to file such a motion, the judgment was rendered and signed on June 30, 1949 which was a Thursday, and the delay for the appeal did not start on that date but started to run after July 7th, the date on which the judgment was due to have been signed. Between June 30th and July 7th there intervened a Saturday, a Sunday, Monday, the Fourth of July which was a legal holiday, and three judicial days. The effective date of the signing of the judgment was July 7th. See State ex rel. Wellman v. Bell, 142 La. 662, 77 So. 493; Bonnelucq v. Bernard, La.App., 29 So.2d 486; Caspari v. Osborne, 169 La. 983, 126 So. 500. Therefore, computing ten days exclusive of Sundays from July 7th, the last day for obtaining the order of appeal and filing the appeal bond was July 19, 1949, and as-the order was signed and the bond furnished on July 18th, the motion to dismiss on this ground would not be well founded.
As to the second ground, it is not well founded, as the intervenor should have requested the District Court to render a judgment in its favor in accordance with the stipulation. Until a judgment was rendered in favor of the intervenor, the defendant insurance company was not required to .cite it. The appellant prayed for service and citation of all parties in whose favor the judgment was rendered.
The plea of res judicata was well founded and should have been sustained by the District Judge. See Picard v. Mutual Life Ins. Co. of N. Y., 212 La. 234, 31 So. 2d 783.
It is, therefore, ordered that there be judgment in favor of defendant, Iowa Mutual Liability Insurance Company, dismissing plaintiffs’ suit at their cost, and as thus amended the judgment be affirmed.

. No opinion for publication.